# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Hon. Trevor N. McFadden |
| v. | Criminal No. 21-00037-TNM |
| TIMOTHY LOUIS HALE-CUSANELLI, | |
| Defendant. | |

## DEFENDANT'S MOTION FOR RECONDSIDERATION OF BOND AND TO PLACE THE DEFFENDANT ON CONDITIONAL RELEASE PENDING TRIAL

Defendant Timothy Louis Hale-Cusanelli, by and through undersigned counsel, respectfully moves this Court, pursuant to the Bail Reform Act of 1984, 18 U.S.C. 3141 *et seq*., to reconsider its March 23, 2021 Order denying Defendant's motion to be place on conditional release pending trial. In support of this request the defense states the following[1]:

On March 23, 2019, this court held a hearing on Defendant's request for release pending trial. At the conclusion of the hearing, this court denied Defendant's request for release on his personal recognizance or on

---

[1] In the interests of brevity, Defendant incorporates and reiterates the arguments provided in prior filings on the matter of bond without restating them herein.

2

...
...
...

conditions. In rendering its decision, the court specifically noted that this matter was a close call, but that the rhetoric of Defendant's communications raised concerns about the potential for future violence by the Defendant. The court did not express concern about Defendant's risk of flight and instead focused on the "danger to the community" were Defendant to have been released.

Subsequent to the hearing and the court's ruling in this matter, the D.C. Circuit Court issued an opinion in *United States v. Munchel*, providing significant guidance for the District Courts in its analysis of pretrial detention decisions particularly as it relates to the hundreds of defendants arrested in relation to the events of January 6, 2021 at the United States Capitol Building. See *United States v. Munchel*, No. 21-3010 (D.C. Cir. March 26, 2021).

In *Munchel*, the defendant had participated in the activities of January 6th at the United States Capitol in a much more significant manner than Mr. Hale-Cusanelli. Munchel, along with his co-defendant/mother, rallied at the Capitol wearing military-style tactical gear. Prior to entering the building, they are heard in recordings discussing their desire to enter the building and their need to leave their weapons outside. Upon entry, Munchel acquired zip ties, entered the House chamber, and discussed a desire to

take the Speaker's gavel. Further, Munchel and his co-defendant both gave statements to media in the following days indicating a lack of remorse for their actions and their potential desire to act in a similar manner moving forward. In making its determination on dangerousness, the District Court stated that "Munchel's alleged conduct indicates that he is willing to use force to promote his political ends," and that "[s]uch conduct poses a clear risk to the community." *United States v. Munchel*, No. 1:21-CR-118-RCL, 2021 WL 620236 at *6 (D.D.C. Feb. 17, 2021). However, the D.C. Circuit found that the trial court "did not explain how it reached that conclusion notwithstanding the countervailing finding that 'the record contains no evidence indicating that, while inside the Capitol, Munchel or [his co-defendant] vandalized any property or physically harmed any person'… and the absence of any record evidence that either Munchel or [his co-defendant] committed any violence on January 6." *Munchel*, No. 21-3010 at *18. The D.C. Circuit continued, "[i]n our view, those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." *Id*. at 19.

The D.C. Circuit also found that the trial court failed to consider, but should have considered, the unique circumstances and large crowds that made the actions of the defendants possible on January 6. *Id*. Without those unique circumstances, the alleged conduct of defendants would not have been possible and are therefore unlikely to pose a threat of reoccurring in the future.

When rendering its order on bond in the instant case, this court did not have the benefit of the guiding factors from *Munchel* to aid its consideration. Additionally, the court now has the benefit of comparing Mr. Hale-Cusanelli's alleged involved and perceived dangerousness in comparison to other January 6 defendants to guide its decision. Given the court's stated recognition that this was a very close call on bond and the newly enunciated considerations from the *Munchel* decision, it is necessary for the court to reconsider its bond decision for appropriate evaluation of the *Munchel* factors.

**WHEREFORE**, for the foregoing reasons, and any others which may appear at a full hearing on this matter, and any others this Court deems just and proper, defendant through counsel, respectfully requests that this court reconsider its decision to hold defendant without bond pending trial and that he be released on conditions.

Respectfully submitted,

_____/s/_____
Jonathan Zucker # 384629
37 Florida Av. NE
Suite 200
Washington, DC  20002
(202) 624-0784
jonathanzuckerlaw@gmail.com
*Counsel for Timothy Hale-Cusanelli*

## CERTIFICATE OF SERVICE

   I certify that on April 2, 2021,  I caused a copy of the foregoing Motion and Memorandum to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

Courtesy copies were sent by email to the assigned AUSA.

\_\_\_\_\_/s/_____
Jonathan Zucker

2