UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Hon. Trevor N. McFadden |
| v. | Criminal No. 21-00037-TNM |
| TIMOTHY LOUIS HALE-CUSANELLI, | |
| Defendant. | |

**DEFENDANT'S SUPPLEMENT TO PENDING BOND REVIEW MOTION**

Defendant files the instant supplement to the pending Bond Review motion. Defendant wishes to bring forward for the Court's consideration a few factors that were not brought forth in the prior Motions for Modification of Bond[1].

---

[1] By way of explanation, the defense notes that on April 13, 2021, undersigned counsel and defendant met for the first time in person. Due to Covid restrictions, legal visits to the DC Department of Corrections for incarcerated defendants are very limited. Consequently prior to April 13, 2021, undersigned counsel was not able to meet with defendant in person. During that in person meeting some matters became more fully developed than had occurred in the preceding telephone conversations.

The prosecution has claimed concern that defendant might seek to obstruct justice by contacting the cooperating witness (CW) that surreptitiously recorded conversations with the Defendant that the prosecution has relied upon in their representations to this court. Although the prosecution has not disclosed the identity of the CW, the defendant suspects he knows who that person is.   Assuming that defendant's conjecture about the identity of the CW is correct, the CW's employment in NJ has terminated and the CW has returned to another part of the United States where CW is from and where CW's family continues to live. That location is well in excess of 1500 miles from where defendant will be living in N.J..  Assuming the court releases defendant on conditional release, including GPS monitoring, the monitoring agency would know immediately if the defendant left his home or work let alone if he traveled outside the release jurisdiction[2].

---

[2] Defendant believes the CW is likely a person with whom defendant had extensive contact, virtually daily over a three year period. Throughout the period when defendant and CW were in daily contact there was never any hostility nor animosity between them, as far as defendant knows.  Although defendant knows generally where the CW is from, he does not know where the CW is currently living or working, nor the addresses of his family members in that area.   Consequently, defendant could not easily locate the CW if he wanted to.  Defendant does not oppose and will comply with any release order specifying that he have no contact with the CW or any of his family.

The defendant wishes to note that he has been fully cooperative with law enforcement's investigation.   Although, he was advised that he did not have to answer law enforcement questions he voluntarily sat and was interviewed by law enforcement for more than 5 hours when arrested. He answered all questions, gave them permission to search his home without a warrant, showed them where the suit he wore to the demonstration was and other items they inquired about.   That cooperation is not indicative of someone who is unlikely to cooperate and comply with conditions of release.

In trying to portray the defendant as a violent white supremacist the prosecution references an incident when the defendant was very young and arrested in the company of 4 other young individuals with a "potato gun" that allegedly had a White Supremacist logo on it. Defendant notes that he and the three other young men he was arrested with were all either of Jewish or Puerto Rican descent[3].

Defendant notes that in connection with his service in the United States Army and his employment as a private armed security guard, he had to undergo numerous psychological clearance examinations.  Through out

---

[3] Defendant notes that his father and his father's family are of Puerto RIcan origin.

his military service[4] and security job he had daily possession of firearms while training or on duty. In those thousands of instances when he had possession of firearms there has never been any allegation that he ever improperly used or threatened to improperly use one[5].

**WHEREFORE** for the foregoing reasons, and any others which may appear at a full hearing on this matter, and any others this Court deems just and proper, defendant through counsel, respectfully requests that he be released on modified conditions.

Respectfully submitted,

_____/s/_____

Jonathan Zucker # 384629

37 Florida Av. NE

Suite 200

Washington, DC  20002

(202) 624-0784

jonathanzuckerlaw@gmail.com

Counsel for Timothy Hale-Cusanelli

## CERTIFICATE OF SERVICE

---

[4] Defendant has been in the Army Reserves for 11 years.
[5] As noted previously defendant never owned any firearms. No firearms nor other weapons were recovered in the searches of his home and car.

I certify that on April 14, 2021, I caused a copy of the foregoing Memorandum to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

Courtesy copies were sent by email to the assigned AUSAs.

_____/s/_____