**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 21-CR-37 (TNM)** |
| | : | |
| **TIMOTHY LOUIS HALE-CUSANELLI,** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER**
**DEFENDANT'S MOTION FOR CONDITIONAL RELEASE**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully files this Opposition to Defendant's Motion for Reconsideration of the Court's Order of Detention (Dkt. 21, hereinafter Def. Motion).

**FACTUAL BACKGROUND AND PROCEDURAL POSTURE**

On January 6, 2021, Defendant, a member in the United States Army Reserves who resided at Naval Weapons Station ("NWS") Earle in Colts Neck, New Jersey, traveled from New Jersey to Washington, D.C. where he observed speeches on the National Mall and then participated in the riot at the United States Capitol.  On January 15, 2021, Defendant was charged via criminal complaint with violating 18 U.S.C. §§ 231(a)(3), 1752(a)(1), (2); and 40 U.S.C. § 5104(e)(2)(D), (G), and an arrest warrant was issued.  (Dkt. 1.)  Defendant had his initial appearance in the District of New Jersey on January 19, 2021.  During that hearing, the presiding magistrate judge ordered Defendant's release with conditions, but delayed his release to allow the United States to appeal. The United States promptly filed an Emergency Motion for Emergency Stay and Review of that Release Order, as well as a Motion to Transport Defendant to this District forthwith.  (Dkt. 3, 4.) This Court signed both orders the same day. (Dkt. 5, 6.)

On March 2, 2021, Defendant filed his "Motion to Modify Bond to Place the Defendant on Conditional Release Pending Trial." (Dkt. 13.) That same day, Defendant filed a "Motion to Amend/Correct" that Motion, to reflect that Defendant had not been "honorably discharged" from the United States Army. (Dkt. 14.) On March 7, 2021, Defendant filed a "Supplement" to that Motion, and attached a letter of reference on Defendant's behalf. (Dkt. 16.) The United States opposed Defendant's motion on March 12, 2021. (Dkt. 18.) Defendant filed his reply on March 22, 2021. (Dkt. 19.)

On March 23, 2021, the Court heard oral argument on the issue of Defendant's bond and ordered that Defendant be detained without bond pending trial. (Minute Entry, March 23, 2021.) That same day, the Court issued a written order. (Dkt. 20.) On April 2, 2021, Defendant filed a motion to reconsider the Court's order of detention. (Def. Motion.) This opposition follows.

## **ARGUMENT**

Defendant argues that the Court must reconsider its detention order in light of the D.C. Circuit's recent decision in *United States v. Munchel*, No. 21-3010, 2021 WL 1149196 (D.C. Cir. Mar. 26, 2021). (Docket Entry 21, at 2-4.) Defendant's argument is meritless.

In *Munchel*, the D.C. Circuit confirmed that an order of preventative detention pending trial requires the Court to "identify an articulable threat posed by the defendant to an individual or a community." *United States v. Munchel*, 2021 WL 1149196, at *7. The D.C. Circuit held, however, that when the district court's finding of dangerousness is based on the nature and circumstances of a defendant's conduct on January 6, a defendant's participation in the Capitol riot is not sufficient, standing alone, to justify a finding of dangerousness. *Id*. at *8. Accordingly, the D.C. Circuit remanded the issue of detention to the district court to consider factors supporting dangerousness beyond the defendants' conduct on January 6, which was not violent.

On motion for reconsideration, Defendant suggests that, had this Court had the benefit of the *Munchel* decision on March 23, it's analysis of the issue would have been different.  (<u>Def. Motion</u>, at 4.)  Defendant is incorrect.  Defendant's argument both mischaracterizes *Munchel*, which examined defendants' dangerousness on the basis of their conduct during the Capitol riot, and ignores this Court's prior individualized findings regarding dangerousness in the instant case, which looked to Defendant's rhetoric and conduct beyond the events of January 6.

Defendant also filed a supplement to his motion for reconsideration (Dkt. 25.)  Therein, Defendant stated his belief that a Confidential Human Source ("CHS") referenced in the Government's previous opposition to Defendant's motion for pretrial release, has moved. Defendant implies that he is no longer a danger to CHS as a result.  As addressed below, this change in circumstance also has no impact on the Court's previous findings regarding eligibility for pretrial detention or dangerousness.

A. <u>Defendant Poses an Ongoing Threat to the Community</u>

For the sake of brevity, the Government will not fully restate the evidence outlined in its prior pleadings.[1]  A few points bear emphasis, however.

Not only is Defendant's enthusiasm for Nazi Sympathizer/White Supremacist ideology well documented, Defendant has made clear that this ideology is the driving force behind his desire to start "a Civil War," and that this motivation is inextricably bound up with his participation in the January 6 Capitol riot.  Defendant described to CHS "the adrenaline, the rush, the purpose" that he felt on that day.  Defendant compared his experience on January 6 to a civil war, and speculated that, if only more had participated in the riot, the insurrectionists could have taken the Capitol and held it.  Defendant made clear that, in his mind, January 6 is just the beginning.

---

[1]     This opposition incorporates statements, arguments, and images in the Government's previous opposition by reference.  (*See generally* Dkt. 18.)

Defendant told CHS, it's "only a matter of time," until civil war breaks out, and that Defendant eagerly awaits that moment. Defendant expressed indifference to the possibility that many would die, stating that "Thomas Jefferson said the tree of liberty should be refreshed with the blood of patriots and tyrants." Defendant said that a civil war was probably the "simplest solution," the "most likely outcome," and the "best shot" to obtain "a clean bill of health, as a society."

Moreover, that Defendant made these statements *after* the Capitol riot and in reference to the Capitol riot demonstrates that, in Defendant's mind, what happened on January 6 was not a "unique" set of circumstances without which his conduct would not have been possible. (*See* Def. Motion, at 4, referring to *Munchel*.) Defendant's statements make clear that he actively wishes to engage in similar conduct in the future.

Beyond his desired participation in a future civil war, Defendant poses a more localized threat to the community, particularly the Hassidic community in Lakewood, New Jersey. Defendant has demonstrated specific animosity towards the Jewish population and expressed a desire to commit violence against Jewish people.

This Court found multiple additional factors persuasive in determining that detention was appropriate. Defendant still has no place to live and has identified no appropriate custodian. And, as the Court previously determined, the escalation of Defendant's violent rhetoric and harassing behavior indicates that Defendant is increasingly unstable.

In contrast to *Munchel*, the Court here has already made an individualized determination that Defendant poses an ongoing threat to the community, and that no condition or combination of conditions can reasonably assure the community's safety. The Court's findings focused not on Defendant's conduct on January 6, 2021, but on Defendant's ongoing danger to the community due to his Nazi Sympathizer/White Supremacist ideology, escalating willingness to engage in

harassing and violent behavior, and a lack of available conditions that would reasonably assure the safety of the community.  Those factors remain unchanged.

B. Defendant Poses an Ongoing Threat to a Specific Individual

On April 14, 2021, Defendant filed a supplement to his motion for reconsideration asserting a belief that CHS no longer lives in the area where Defendant would ostensibly live if released. While this may be true, this does little to assuage concern that Defendant will obstruct justice or interfere with CHS, even if CHS's location makes it more difficult for Defendant to cause physical injury to CHS.  Further, as the Court is well-aware, physical proximity is not a precondition for threats and intimidation.  Defendant claims to know CHS and acknowledges their once "daily contact."  There is no reason to believe that Defendant is not capable of contacting CHS remotely if released.  Defendant's apparent, intimate knowledge of who CHS is, where he lives, and when he moved, suggests that, contrary to his argument, Defendant is actually keeping careful tabs on CHS.

Defendant remains eligible for detention under 18 U.S.C. § 3142(f)(2)(B) due to the ongoing risk that he will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness.  In addition to any contact Defendant may have with CHS if released, the Government has presented ample evidence of Defendant's attempts to obstruct justice by destroying evidence.  (*See* Dkt. 18, at 3, 11, 17, 31.)

Simply put, *Munchel* provides no guidance altering the validity of this Court's analysis on Defendant's original motion for pretrial release.  This Court determined that Defendant poses an ongoing danger to the community based on conduct and statements Defendant has made outside of his conduct on January 6, 2021.  Defendant's danger to the community, including CHS, has not changed.

## **CONCLUSION**

The Court's previous individualized determination that Defendant should be held pending trial pursuant to the Bail Reform Act is unaffected by the D.C. Circuit's analysis in *Munchel*, or by new facts raised in Defendant's supplement to his motion to reconsider.

WHEREFORE the United States respectfully requests that Defendant's motion to reconsider the detention order should be DENIED.

Respectfully Submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
D.C. Bar No. 415793

By:    */s/ Kathryn E. Fifield*
KATHRYN E. FIFIELD
Trial Attorney
Detailed to the United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 320-0048
Kathryn.fifield@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel via the Electronic Case Filing (ECF) system, on April 16, 2021.

By:     /s/ Kathryn E. Fifield
KATHRYN E. FIFIELD
Trial Attorney
Detailed to the United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 320-0048
Kathryn.fifield@usdoj.gov