UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | Hon. Trevor N. McFadden |
| v. | |
| | Criminal No. 21-00037-TNM |
| TIMOTHY LOUIS HALE-CUSANELLI, | |
| Defendant. | |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER BOND**

Defendant files the instant reply to the United States' Opposition to Defendant's Motion for Reconsideration of Conditional Release. Defendant incorporates by reference all arguments made in his original motions and subsequent pleadings relating to bond without repeating those arguments here[1]. In the instant motion defendant will address primarily and seek to rebut the Government's Opposition.

---

[1] These include but are not limited to: ECF 13, ECF 14, ECF 16, ECF 19, ECF 21, and ECF 25.

The government's arguments for dangerousness rely almost singularly on defendant's alleged rhetoric that the government interprets as Defendant being a white supremacist, antisemitic and a racist.  While Defendant's alleged ideology may be repugnant or outside acceptable and polite society, we do not incarcerate people in this country on words alone. Without substantially more than vile rhetoric or impolite language that has never turned into action, the government still argues that Defendant poses an ongoing threat to the community.

The prosecution's pleadings have demonstrated that the prosecution conducted a massive and thorough investigation into the defendant. Notably, this included an interview with Defendant that lasted nearly six (6) hours wherein Defendant discussed his belief system and provided any and all information asked for by the agents[2]. The prosecution has interviewed dozens of people that know or knew Defendant and scoured every bit of Defendant's electronic footprint that they have been able to find, all in an effort to find anything they can to try to link him to some broader conspiracy against the government or showing his involvement in violence. In many cases involving January 6 defendants, the government has been able to link a defendant to a larger hate-filled organization such

---

[2] Additionally defendant consented to searches of his home and vehicle, even informing law enforcement where items they sought were located.

as the Oath Keepers, Proud Boys or Three Percenters. Notably, the only organizations that Defendant has been linked to are the United States Army and the Roman Catholic Church. Defendant's alleged conduct on January 6 does not include any destruction of property, theft of items from the Capitol building, or violence. Notwithstanding the thoroughness of the prosecutions' investigation they have not been able to cite to an incident where defendant has engaged in any attempt to commit violence against another person, threatened another person nor destroyed property.

The government bases much of its argument for "danger to the community" on discussions between Defendant and a Confidential Human Source ("CHS"). It is worth noting that Defendant has been provided no discovery materials regarding the interviews with CHS and has been provided no information on the context of any quotes attributed to Defendant by CHS, let alone even the date that Defendant is alleged to have made these statements[3]. However, it is likely that these comments were made in the hours or days immediately following the events of January 6th, when many of those involved had still failed to recognize the seriousness of their actions or that they had fallen victim to the swindle of

---

[3] The prosecution claims the CHS surreptitiously recorded conversations with the defendant using equipment provided by law enforcement. However, those recordings have not been provided to the Defense.

former President Trump's post-election challenges. By comparison, both Munchel[4] and his co-defendant/mother are alleged to have made statements to media the day after January 6 expressing no remorse and a desire to act in a similar manner again.

Further, the government argues that Defendant poses a specific risk to the Hassidic community in Lakewood, New Jersey, based upon a "demonstrated specific animosity", suggesting that Defendant has been out in the streets terrorizing members of this community. While Defendant may have made inappropriate remarks in private conversations and expressed disagreement with their religious ideology, the government points to no acts by Defendant that endangered members of this community. Defendant has lived in the Colt's Neck area his entire life and the government cannot point to one act against the Hassidic community by Defendant. The government conflates disagreement with dangerousness.

The government also asserts that Defendant poses a specific threat to CHS because Defendant knows that CHS no longer lives in the area. The government attempts to ascribe some malicious intent behind Defendant's knowledge. However, such information is common information among many of Defendant's friends and colleagues with which he has

---

[4] See United States v. *Munchel*, No. 21-3010 (D.C. Cir. March 26, 2021).

direct or indirect contact. Defendant has no specific knowledge of where CHS is currently located or how to contact CHS. Further, if Defendant were correct that CHS had moved from the area, the government would have misrepresented CHS' location during the Court's initial consideration of bond. There is no ill will by Defendant towards CHS[5]. CHS has no more information about Defendant's involvement in the instant offenses than Defendant already provided to the government in the nearly six-hour interview he gave. Any concerns that the court would have regarding contact would be easily placated by a stay-away, no contact order regarding CHS, with the understanding that CHS could easily inform the government with any concerns or violations. Similarly, the proposed GPS monitoring system would alert if defendant left his home area and traveled anywhere, including where CHS has relocated

Lastly, the government points to Defendant not having a place to live and not having identified a custodian the prosecution deems acceptable.

---

[5] Although the prosecution has not disclosed the identity of the CHS, defendant believes he knows who the CHS is from context. Out of respect for privacy and confidentiality, the defense is not disclosing that in the public forum but will be glad to so in a sealed proceeding with the Court and prosecutors. Assuming defendant's supposition is correct, it will reveal that the CHS is a very close acquaintance of the defendant with whom he has had extensive contact virtually daily for approximately three years. It will also be clear why defendant knows that the CHS has relocated from the area in New Jersey where both used to reside but that knowledge does not reflect any nefarious investigation by defendant. On the contrary, the CHS plan to relocate were well known and preceded the events of January 6.

While Defendant may have lost his prior housing situation, he has adequate finances and support to be able to find a new place to live. Defendant has the financial wherewithal to rent a different place and has a commitment from CH, a close family friend, that she is willing to ensure defendant is able to obtain suitable housing, including advancing a few months rent if defendant has difficulty doing so. Similarly, CH advises that she has arranged an employment opportunity in New Jersey for defendant when he is released. Defendant is not opposed to release being conditioned upon his providing proof of housing and employment shortly after his release to Pretrial Services.  Further although the prosecutors have expressed reservations about the proposed third party custodians, the custodians have not been evaluated by Pretrial services to determine if they are acceptable. Defendant has proposed two different custodians, one of them being C.H. who  has been a constant figure throughout Defendant's life, since childhood,  despite the difficulties and turmoil defendant has had with his immediate family. C.H. has attempted to help support and provide for Defendant as needed. C.H. has stable housing and a stable family structure, with a spouse who is in law enforcement. The government has taken the position that C.H. would not be an appropriate proposed custodian, as they do not believe that C.H. would keep

Defendant in line. Namely, the government has pointed to C.H. not outwardly reprimanding Defendant for every inappropriate remark, even when such remark is clearly said in jest. The government has provided an excerpt of text messages between C.H. and Defendant in an effort to demonstrate their relationship. However, these conversations range from innocuous discussions of Thanksgiving dinner to concerns over perceived voting irregularities and placing trust in the justice system to resolve those issues if they exist. The conversations show a close relationship and shared passion regarding the future of our country, not somebody who is enabling and supporting any violent conduct.

 C.H. would be subject to the restrictions and orders of this court regarding custodians and would be subject to punishment for lack of compliance. C.H. has essentially acted as a stand-in parent for Defendant and is more than willing to ensure Defendant's compliance with conditions of release. C.H. is as capable of a custodian as any other family figure that this court would use in any other case.

 **WHEREFORE** for the foregoing reasons, and any others, which may appear at a full hearing on this matter, and any others this Court deems just

and proper, defendant through counsel, respectfully requests that he be released on modified conditions.

Respectfully submitted,

_____/s/_____
Jonathan Zucker # 384629
37 Florida Av. NE
Suite 200
Washington, DC  20002
(202) 624-0784
jonathanzuckerlaw@gmail.com
Counsel for Timothy Hale-Cusanelli

## CERTIFICATE OF SERVICE

I certify that on April 26, 2021, I caused a copy of the foregoing Memorandum  to be filed with the Clerk using the CM/ECF System which will send notification of this filing to all parties.

Courtesy copies were sent by email to the assigned AUSA.

_____/s/_____
Jonathan Zucker