

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

May 7, 2021

Jonathan Zucker
jonathansuckerlaw@gmail.com

   Re: *United States v. Timothy Hale-Cusanelli*
     Case No. 21-cr-37

Dear Counsel:

  Enclosed as preliminary discovery in this case is **a folder delivered via USAfx, titled "Hale-Cusanelli"**, that contains the following materials:

Previously disclosed via USAfx:
- Video recording of custodial interview of Hale-Cusanelli
- Extraction of Apple iPhone

Disclosed today via USAfx (included within the same folder):
      **"Discovery Production 5.7.21"**
- CHS video and audio recordings.  **The Government has designated these files Sensitive under the Protective Order issued in this case**.
- **Cellebrite Extraction Report (PDF 63073 pgs):** iPhone 6s (A1633), MSISDN 7328105132, ISMI 310120163205040

  Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips.  The government is working to develop a system that will facilitate access to these materials.  In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

  The discovery is unencrypted.  Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

This material is subject to the terms of the Protective Order issued in this case.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. Also, please download all material from the folder "Discovery Production 5.7.21" due to USAfx time restriction of 60-days before all material will be removed. If you have any questions, please feel free to contact me.

Sincerely,

Kathryn E. Fifield
Trial Attorney
U.S. Department of Justice
Detailed to the D.C. U.S. Attorney's Office

Enclosure: link to USAfx folder
cc: Peter Wright, peter.wright91@gmail.com