UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-37 (TNM) |
| | : | |
| TIMOTHY LOUIS HALE-CUSANELLI, | : | |
| | : | |
| Defendant. | : | |

**RESPONSE TO DEFENDANT'S REPORT TO THE COURT
CONCERNING DISCOVERY AND PLEA NEGOTIATIONS**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully submits this response to Defendant's May 22, 2021 Report to the Court Concerning Discovery and Plea Negotiations. (Dkt. 33.) In support of this response, undersigned counsel respectfully submits the following.

The bulk of Defendant's representations to the Court regarding discovery—both in terms of what they have received and government's response to their requests—are not accurate. To date, the government has provided the most substantial portions of the government's evidence. That includes the CHS recordings in which Defendant makes substantial admissions regarding his criminal conduct on January 6, Defendant's custodial interview in which Defendant makes substantial admissions regarding his criminal conduct on January 6, and a partial extraction of Defendant's cellular phone. The partial extraction includes the extraction report and the native files, including chats, videos, and photos. Defense counsel has confirmed with the undersigned that they have access to these materials on USAfx. Further, the government separately provided Capitol CCTV video capturing Defendant inside the Capitol building on January 6 and reports of interviews conducted by NCIS. Defense counsel confirmed receipt of these materials with prior government counsel. Thus, Defendant is already in possession of the evidence most relevant to

1

detention proceedings and to Defendant's conduct on January 6, and has been in receipt of these materials since before the last status hearing on May 12, 2021.

Further, on or about April 28, 2021, the government sent the full extraction of Defendant's cellular phone on a zip drive that defense counsel was unable to access due to an encryption issue. After defense counsel was unable to open the zip drive, the government sent the extraction again on Blu Ray discs. Defense counsel did not have a Blu Ray player, and rather than acquire one, defense counsel requested that the government provide the extractions again on a hard drive of their choosing. The government agreed to accommodate this request and has arranged for the extraction to be downloaded and reproduced—which, due to its size, took time—on defense counsel's hard drive. The government informed defense counsel on May 25, 2021 that their hard drive is ready for pickup. The government's discovery obligation is to produce evidence. The government produced the extraction on or about April 28, 2021, and has since been working with defense counsel to reproduce this material in their preferred format.

The government's investigation into Defendant's conduct and the conduct of many others during the Capitol Attack is ongoing. The investigation and prosecution of the events on January 6 will likely be one of the largest in American history, both in terms of the number of defendants prosecuted and the nature and volume of the evidence. Over 400 individuals have been charged in connection with the Capitol Attack. The spectrum of crimes charged and under investigation in connection with the Capitol Attack includes (but is not limited to) trespass, engaging in disruptive or violent conduct in the Capitol or on Capitol grounds, destruction of government property, theft of government property, assaults on federal and local police officers, firearms offenses, civil disorder, obstruction of an official proceeding, possession and use of destructive devices, and conspiracy.

Defendants charged and under investigation come from throughout the United States, and a combined total of over 1,000 search warrants have been executed in almost all fifty states and the District of Columbia. Multiple law enforcement agencies were involved in the response to the Capitol Attack, which included officers and agents from U.S. Capitol Police, the District of Columbia Metropolitan Police Department, the Federal Bureau of Investigation, the Department of Homeland Security, the Bureau of Alcohol, Tobacco, Firearms and Explosives, the United States Secret Service, the United States Park Police, the Virginia State Police, the Arlington County Police Department, the Prince William County Police Department, the Maryland State Police, the Montgomery County Police Department, the Prince George's County Police Department, and the New Jersey State Police. Documents and evidence accumulated in the Capitol Attack investigation thus far include: (a) more than 15,000 hours of surveillance and body-worn camera footage from multiple law enforcement agencies; (b) approximately 1,600 electronic devices; (c) the results of hundreds of searches of electronic communication providers; (d) over 210,000 tips, of which a substantial portion include video, photo and social media; and (e) over 80,000 reports and 93,000 attachments related to law enforcement interviews of suspects and witnesses and other investigative steps. As the Capitol riot investigation is still on-going, the number of defendants charged and the volume of potentially discoverable materials will only continue to grow. In short, even in cases involving a single defendant, the volume of discoverable materials is likely to be significant.

The government is aware of and takes seriously its obligations pursuant to Federal Rule of Criminal Procedure 16 and Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500. The government has worked diligently to produce discoverable material in its

possession and will continue to do so as this investigation proceeds. The government has attached to this filing a comprehensive notice of discovery, sent to defense counsel earlier today, listing everything that defense counsel has received to date.

As for the status of plea discussions, the Defendant is correct that no formal plea offer has been made. However, the government and defense have engaged in preliminary discussions regarding the charges that will likely be required in order to resolve this case prior to trial.

In light of the above, the government will, at the next status hearing, request that the Court grant a motion for a 60-day continuance of the above-captioned proceeding, and that the Court exclude the time within which trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

The government takes no position on Defendant's request for replacement counsel.

WHEREFORE, the government respectfully submits this response to Defendant's Report, (Dkt. 33.), informing the Court of the status of discovery and plea negotiations.

                                      Respectfully submitted,

                                      CHANNING D. PHILLIPS
                                      Acting United States Attorney
                                      DC Bar No. 415793

By:    /s/ *Kathryn E. Fifield*
         KATHRYN E. FIFIELD
         Trial Attorney
         Detailed to the District of Columbia
         United States Attorney's Office
         555 4th St. NW
         Washington, D.C. 20530
         Kathryn.fifield@usdoj.gov
         (202) 320-0048