UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-37 |
| v. | : | |
| | : | |
| TIMOTHY LOUIS HALE-CUSANELLI | : | |
| | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO UNITED STATES' MOTION TO VACATE TRIAL DATE AND CONTINUE TRIAL, AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The Defendant, Timothy Louis Hale-Cusanelli, by and through his counsel, Jonathan Crisp, Esquire, hereby opposes the United States of America's Motion to vacate the trial date currently set for November 9, 2021, grant a 60-day continuance of the above-captioned proceeding, exclude time within which a trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, and set a status hearing to monitor the government's progress in meeting its discovery obligations. In support of his opposition, the Defendant states as follows:

**FACTUAL BACKGROUND**

On January 6th, 2021, Mr. Timothy Hale-Cusanelli, a United States Army Reservist and contractor for the United States Navy, traveled to Washington D.C. to attend a rally at which President Donald Trump was speaking. When Mr. Hale-Cusanelli arrived, the speech was near its end, but as it drew to a close, President

Trump called for his supporters to march over to the Capitol. As the crowd turned its attention to the Capitol, Mr. Hale-Cusanelli followed the procession. When the group arrived at the Capitol, however, the crowd began to contend with the Capitol police. Mr. Hale-Cusanelli was under the impression that this would only be a protest, but then heard that shots were being fired at the crowd.

The D.C. police began to deploy OC spray against the protesters, and Mr. Hale-Cusanelli heard shots being fired. Mr. Hale-Cusanelli protected himself from the spray's effects and continued to follow the crowd. As the group progressed into the Capitol, Mr. Hale-Cusanelli again followed his peers. During this time, Mr. Hale-Cusanelli did not engage nor is accused of engaging in any violent conduct. Mr. Hale-Cusanelli left the Capitol without participating in any violent conduct.

Mr. Hale-Cusanelli is an opinionated individual who fully exercised his right to speak freely before being imprisoned.  Although Mr. Hale-Cusanelli was neither a violent man nor a threat to those around him, he sits in pretrial detention to this day.

## PROCEDURAL BACKGROUND

On 15 January 2021, Mr. Hale-Cusanelli was incarcerated as a result of the indictment in the case *sub judice*, despite having no history of violence. He was charged with Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority pursuant to 18 U.S.C. §§ 1752(1), (a)(2);

Violent Entry and Disorderly Conduct on Capitol Grounds pursuant to 18 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(G); and Obstructing a Law Enforcement Officer During a Civil Disorder pursuant to 18 U.S.C. § 231(a)(3). Mr. Hale-Cusanelli first appeared in federal court in New Jersey and was released, but he was subsequently detained in the District of Columbia on 3 February 2021 by This Honorable Court. On 2 March 2021, This Honorable Court determined Mr. Hale-Cusanelli should not be released prior to trial, and as such, he is still sitting in pre-trial detention.

On 23 March 2021, Mr. Hale-Cusanelli appeared before This Honorable Court for a pretrial hearing. At that time, the Government indicated they were not prepared to go to trial because they were reviewing and compiling discovery. This Honorable Court exempted from the speedy trial calculation the time period from 23 March 2021 until 28 April 2021.

On 28 April 2021, Mr. Hale-Cusanelli again appeared before This Honorable Court for a status conference. At that time, the Government indicated they were not prepared to go to trial because they were reviewing and compiling discovery. This Honorable Court exempted from the speedy trial calculation the time period from 28 April 2021 until 12 May 2021.

On 12 May 2021, Mr. Hale-Cusanelli again appeared before This Honorable Court for a status conference. At that time, the Government indicated they were not prepared to go to trial because they were reviewing and compiling discovery.

This Honorable Court exempted from the speedy trial calculation the time period from 12 May 2021 to 28 May 2021.

On 25 May 2021, the status conference was re-scheduled and again This Honorable Court exempted from the speedy trial calculation the time period from 28 May 2021 until 1 June 2021.

On 1 June 2021, Mr. Hale-Cusanelli again appeared before This Honorable Court for a status conference. At this conference, counsel for the defendant changed from Mr. Zucker to undersigned counsel. At the 1 June 2021 conference, This Honorable Court set another status conference for 16 July 2021. Over defense objection, This Honorable Court exempted from the speedy trial calculation the time period from 1 June 2021 to 16 July 2021.

On 16 July 2021, Mr. Hale-Cusanelli again appeared before This Honorable Court for a pre-trial status conference. At that time, the Government indicated, again, they were not prepared to go to trial because they were reviewing and compiling discovery. Over defense objection, This Honorable Court exempted from the speedy trial calculation the time period from 16 July 2021 to 30 July 2021.

On 30 July 2021 Mr. Hale-Cusanelli again appeared before This Honorable Court for a pre-trial status conference. At this date, This Honorable Court set another pre-trial conference, but also set a date for trial, specifically, 9 November

2021. In so doing, This Honorable Court expressed concern with honoring the defendant's speedy trial rights and mandated the Government complete discovery within that time period, in part because the Government had not indicated when it could compete its discovery review. However, This Honorable Court again over defense objection exempted from the speedy trial calculation the time period from 30 July 2021 to 24 August 2021.

On 24 August 2021, Mr. Hale-Cusanelli again appeared before This Honorable Court for a pre-trial status conference. At this conference, This Honorable Court also set dates for, *inter alia*, evidence the government intends to submit as part of its case-in-chief at trial as well as motions deadlines. Over defense objection, This Honorable Court again exempted from the speedy trial calculation the time period from 24 August 2021 to 29 October 2021.

The speedy trial clock requirement is 70 days, unless otherwise exempted. As of the date of this pleading, and at the Government's behest, This Honorable Court has exempted 221 days from the speedy trial calculation.

On 8 September 2021, the government filed their request for an open-ended continuance of sixty (60) days and also requested another status conference to "monitor the government's progress in meeting its discovery obligations."

The defense has objected to any delays starting in June 2021 and also objected to any exemptions from the speedy trial calculation since June as well.

Since 2 March 2021, the United States has stated "the most substantial evidence specific to the defendant's participation in the events of 6 January [have] been produced." United States Motion to Vacate Trial Date and Continue Trial, and to Exclude Time Under the Speedy Trial Act at 3, United States v. Hale-Cusanelli (D. D.C. 2021) (No. 21-CR-37).  In its Memorandum Regarding the Status of Discovery filed 17 September 2021, the United States could not acknowledge the percentage of which its discovery had been reviewed and uploaded to either Relativity or evidence.com almost nine months after the events of 6 January 2021, occurred. See generally United States Memorandum Regarding Status of Discovery as of September 14, 2021, United States v. Hale-Cusanelli (D. D.C. 2021) (No. 21-CR-37).

## ARGUMENT

The government makes essentially two (2) arguments in an effort to justify a continuance.  The first lies in their ostensible Brady[1] obligations and the second in an ends-of-justice argument.  Mr. Hale-Cusanelli respectfully requests This Honorable Court deny the United States' Motion to Vacate Trial Date and Continue Trial, and To Exclude Time under the Speedy Trial Act.  The Speedy Trial Act has been continually circumvented since Mr. Hale-Cusanelli's indictment and the government is yet again seeking to obviate the efficacy of the Act by

---

[1] Brady v. Maryland, 373 U.S. 85 (1963).

invoking the same refrain it has provided since March 2021. It has done so while not offering any guarantees their requests will not continue unabated for months or even years.

    As This Honorable Court is aware, the test to evaluate whether the government's request for a delay as to their first argument under <u>Brady</u> implicates the defendant's Sixth Amendment rights.[2] In <u>Barker v. Wingo</u>, 407 U.S. 514, 530-32 (1972), the Court set forth a four-part test for whether a delay after indictment violates a defendant's Sixth Amendment right to a speedy trial: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant." <u>United States v. Yehling</u>, 456 F.3d 1236, 1243 (10th Cir. 2006) (citing *id*. at 530). This balancing test applies regardless of any tolling of the Speedy Trial Act and, while a rare occurrence, a defendant's Sixth Amendment rights may still be violated even while complying with the Speedy Trial Act. <u>United States v. MacDonald</u>, 531 F.2d 196 (4th Cir. 1976); <u>United States v. Thirion</u>, 813 F.2d 146 (8th Cir. 1987).

    An analysis of the four (4) <u>Barker</u> factors will show that despite no time having passed under the Speedy Trial Act because of This Honorable Court's

---

[2] USCS Const. Amend. 6

relevant Standing Orders[3] and granted exemptions from said Act, this delay is prejudicial to Mr. Hale-Cusanelli.

First, if the United States' Motion to Vacate Trial Date and Continue Trial is granted, the delay to bring Mr. Hale-Cusanelli to trial in this matter will be well over three hundred (300) days and thus presumptively prejudicial itself. In Doggett v. United States, 505 U.S. 647, 651-652 (1992), the Court found that a pre-trial delay is presumptively prejudicial after the delay approaches the period of one year. Although, due to the Orders of This Honorable Court, the 70-day clock required for a Speedy Trial Act violation will not begin to elapse, almost a year, or potentially more depending on the overarching Court's docket, will have passed because the Government is only asking for a status conference, not a sixty (60) day trial continuance; at the next status conference another trial date might be set, or it might not.

Second, the reason for the delay is not itself a significant enough factor to continue to delay trial; the prosecution represented it had sufficient evidence to both indict and convict for many months. If they did not, they have violated their duty and are now using discovery as a means to make a case against Mr. Hale Cusanelli. Moreover, the reason for the delay has not changed or become even

---

[3] Standing Orders 20-9, 20-19, 20-29, 20-62, 20-62, 20-68, 20-89, 20-93, 21-10, and 21-47.

remotely concrete. It remains as amorphous today as it was months ago. The defendant possesses no more certainty today as to when he will be able to have his trial then when he was first indicted and incarcerated.

Third, the Defendant has previously and is presently asserting his right to a speedy trial.

Fourth, Mr. Hale-Cusanelli is suffering prejudice in his oppressive pre-trial incarceration despite never being convicted of a violent offense and being unable to fully participate in the formation of his defense.

The government only seeks to further cement their case against Mr. Hale-Cusanelli, despite having allegedly sufficient evidence to indict the Defendant. Pursuant to Barker v. Wingo, if the United States' Motion is granted, Mr. Hale-Cusanelli will suffer a prejudicial delay between his indictment and his trial in violation of his Sixth Amendment right to a speedy trial. See id.

The most concerning aspect of the government's argument is the fact it cites to their obligation under Brady as a basis for continuing the trial. The argument itself is disingenuous at best and lacking in good faith at worst. The government argues it must obtain exculpatory evidence in "a comprehensive, accessible and useable format" and then provide that evidence to the defendant, but then ends their argument with the assertion that it need not do so by identifying where in the

evidence such exculpatory information exists. What makes that argument so concerning is the idea the government has continually asserted that terabytes of evidence exists but failed to show the relevance of any of the terabytes of information to Mr. Hale-Cusanelli. The argument strongly implies the government is prospectively seeking to justify a massive discovery dump under the auspice of it containing some shred of exculpatory information in the digital blizzard.

The argument the government is asking for this extension to gather Brady evidence out of a concern for Mr. Hale-Cusanelli is incredible.

The government's second justification focuses on an ends-of-justice basis but is not justified in this matter because the best interest of the public and Mr. Hale-Cusanelli in a speedy trial are not outweighed by the prosecution's desire to duplicate efforts in this matter. As This Honorable Court is aware, the Speedy Trial Act provides that "the trial of a defendant . . . shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Certain periods of delay are to be excluded from the seventy-day maximum, including any period of delay resulting from an "ends-of-justice" continuance. Id. § 3161(h)(7).

"For an 'ends-of-justice' continuance, the district court must 'set forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial. Id. § 3161(h)(7)(A).'" United States v. Bikundi, 926 F.3d 761, 776 (D.C. Cir. 2019) (internal citations omitted).

Although the United States asserts that discovery is not yet complete, it contradicts itself by stating that this case's most substantial evidence has already been produced. Moreover, the government has not identified how the best interest of the public is served by granting an ends-of-justice continuance. Their reliance on Bikundi, as a complex case in which an 18-month delay was granted is misplaced. In that case, not only were more than two (2) defendants indicted, but the judge in that case asserted the defense needed time to prepare and the defense did not challenge that assertion. Id. That is not the case here.

Also troubling with both arguments is the idea that no information has been provided as to the numbers of persons dedicated to the tasks outlined, the funds dedicated to the various contracts, when these contracts were entered into, hours being worked under the contracts, etc. Absolutely no information has been given that could even remotely allay concerns this "unprecedented" discovery case is being met with the appropriate level of manpower, funding and diligence necessary to overcome the defendant's Sixth Amendment and Speedy Trial Act rights. With

only the word of the government to rely upon and no definite date set for trial, it is difficult to believe this trend will not continue indefinitely, restricting Mr. Hale-Cusanelli's rights without allowing him a chance to defend himself against these charges.

## CONCLUSION

For the reasons specified above, and any others that may be presented at a hearing on this matter, the Defendant respectfully requests that the Court deny the United States' motion to vacate the trial date currently set for November 9, 2021, deny the requested 60-day continuance of the above-captioned proceeding, and proceed with the trial as scheduled. Another continuance in this matter is not justified. Mr. Hale-Cusanelli is presently awaiting trial and has not had the opportunity to participate fully in his own defense due to his pretrial incarceration. The reasons the United States posits for requesting another continuance, while attempting to appeal to Mr. Hale-Cusanelli's rights under <u>Brady</u>, smack only of an excuse to further prolong Mr. Hale-Cusanelli's pretrial incarceration.

Respectfully submitted,

Jonathan W. Crisp, Esquire
Crisp and Associates, LLC
Attorney ID: 83505
4031 N. Front St
Harrisburg, PA 17110
(717) 412-4676