UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-37 (TNM) |
| v. : | |
| : | |
| TIMOTHY LOUIS HALE-CUSANELLI : | |
| : | |
| Defendant. : | |

### UNITED STATES' MOTION TO RECONSIDER
### MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through the United States Attorney for the District of Columbia, hereby moves this Court to reconsider its decision to deny the government's motion to exclude the time within which a trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (hereinafter, "the STA"). In support of its motion, the government states as follows:

The ongoing COVID-19 public health crisis demonstrates that the exclusion of time under the STA serves the ends of justice. In successive Standing Orders since March of 2020, the Chief Judge has made detailed findings relating to the health and safety measures in this District that impact court operations for criminal trials. Currently, the U.S. District Court is operating under Standing Order 22-04, which, due to the latest surge in COVID-19 cases, suspends jury trials through February 7, 2022, and orders that "a Speedy Trial Act exclusion [is] appropriate through **February 18, 2022**, for those criminal cases that cannot be tried consistent with health and safety protocols before that date, as the ends of justice served by the continuances to protect public health and safety and the fair trial rights of a defendant outweigh the best interest of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3151(h)(7)(A)." *See In Re: Further Postponement of Jury Trials and Closing of Public Access to Clerk's Office in Light of Current*

1

*Circumstances Relating to the COVID-19 Pandemic*, Standing Order No. 22-04, at 3 (BAH) (Jan. 20, 2022) (citing Standing Order No. 21-79 (BAH) (Dec. 13, 2021)) (emphasis in original). The government respectfully requests that the Court exclude time in this case under the STA through at least February 18, 2022, for the identical reasons and based on the findings made in the Chief Judge's Standing Order.

In the alternative, the government requests that the Court exclude time under the STA until the date that trial is set to begin in this case, May 23, 2022. At the October 6, 2021, hearing in this matter, this Court articulated the constraints imposed on court capacity by the ongoing COVID-19 pandemic and, relying in part on the Chief Judge's Standing Order in effect at the time, selected a trial date of May 23, 2022 – the first trial date available to the Court and the parties. In fact, in delaying the trial until May 23, 2022, the Court explained that the original trial date of November 9, 2021, was not available due to COVID-19 restrictions and the fact that other defendants, who had been detained far longer than this defendant, had priority for trials on that date. As the selection of this trial date was due to pandemic-related constraints, the Court should exclude the time until trial under 18 U.S.C. § 3151(h)(7)(A) on that basis.

If the Court is not inclined to toll time remaining until trial, the government requests a trial date within the time remaining on the Speedy Trial Clock, which the government calculates to be 67 days from the date of this filing.[1]

---

[1] Defendant Hale-Cusanelli was indicted on January 29, 2021. Between January 29, 2021, and January 21, 2022, time has been excluded due to a series of standing orders in effect related to the COVID-19 pandemic and its impact on court operations, and by order of this Court. Accordingly, the Speedy Trial Clock did not start to run until January 21, 2022, when this Court denied the government's motion to toll and exclude time.

WHEREFORE, the government respectfully requests that this Court reconsider the government's motion to toll and exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).[2]

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ *Kathryn E. Fifield*
Kathryn E. Fifield
Trial Attorney
U.S. Department of Justice, Crim. Div.
Detailed to the D.C. U.S. Attorney's Office
555 Fourth Street, N.W.
Washington, DC 20530
Kathryn.fifield@usdoj.gov
(202)320-0048

By: /s/ *Karen P. W. Seifert*
Karen P. W. Seifert
NY Bar No. 4742342
Assistant United States Attorney
National Security Section
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-7527
Karen.Seifert@usdoj.gov

---

[2] To the extent the Court denied the government's motion on the basis of the status of discovery, the government notes as follows: (1) on January 21, 2022 defense counsel received instructions from the Federal Public Defender (FPD) on how to access to the FPD Relativity workspace; (2) as stated by the government at the January 21, 2022 status hearing, discovery of material the government intends to use in its case-in-chief is complete; and (3) the government has otherwise provided defendant the voluminous discovery productions provided by the USAO DC Discovery Team to all Capitol Riots defendants.