IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:21-CR-37 |
| | : | |
| | : | (JUDGE McFADDEN) |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY LOUIS HALE-CUSANELLI, | : | |
| | : | |
| Defendant | : | |

**BRIEF IN OPPOSITION TO
GOVERNMENT'S NOTICE
PURSUANT TO FRE 404(b)**

On 30 September 2021, the Government notified undersigned counsel of its intent to introduce Defendant's prior statements to show his "intent to participate in the events at the Capitol on January 6, 2021, obstruct the proceedings of the U.S. Congress, and prevent President Biden from taking office." Specifically, the Government seeks to call witnesses to recount the Defendant's alleged statements regarding Jewish people, their role in the government, the potential for a civil war in America, and his support of President Trump and the President's claims regarding election fraud.

The Government provided insufficient notice under the Federal Rules of Evidence Rule 404(b) of its intent to introduce this character evidence while simultaneously failing to meet its burden because Government counsel misstates the

1

nature and character of Defendant's statements regarding Jewish individuals and a potential civil war in America; furthermore, the Government fails to establish any legal nexus to these statements and the events of 6 January 2021. The Government claims it seeks to admit this character evidence to prove intent, motive, lack of mistake or accident, and knowledge, yet it simultaneously offers a vague justification for introducing this hearsay character evidence as showing "intent to participate in the events at the Capitol on January 6, 2021, obstruct the proceedings of the U.S. Congress, and prevent President Biden from taking office." Despite the assertion that the purpose of this evidence is showing intent, the Government does not identify any reason why these alleged statements tend to prove Defendant's intent. The Government offers these statements not as intent but as thinly masked, improper propensity evidence that is highly prejudicial in nature without substantive value. The Government's "notice" lacks the requisite general specificity for a notice of intent to introduce 404(b)-character evidence. Thus, the Defendant respectfully requests that this Honorable Court exclude the evidence.

## FACTS

Prior to 6 January 2021, Timothy Hale-Cusanelli resided in Colts Neck, New Jersey with his roommate and worked as a security guard for HBC Management at Naval Weapons Station Earle. During this time, Mr. Hale-Cusanelli also held the

rank of a Sergeant (E-5) in the United States Army Reserves; he had enlisted approximately eleven years prior and earned an honorable discharge from service.

Mr. Hale-Cusanelli also possesses an Associates Degree in history from Brookdale College and broadens his knowledge via historic books. As a former U.S. soldier, Mr. Hale-Cusanelli believes in upholding his oath to protect the Constitution. As an individual with traditional values, his views are against the modern tide, but he does not believe these views are racist or otherwise hateful.

Mr. Hale-Cusanelli supported President Donald Trump and trusted him. On 6 January 2021, President Trump's supporters staged a "stop the steal" rally in Washington, D.C. that included President Trump as a speaker. Mr. Hale-Cusanelli, clad in a suit and tie, drove to Washington D.C. to listen to President Trump's speech. Near the end of the rally, President Trump called his supporters to protest the election by marching over to the Capitol.

As a supporter, Mr. Hale-Cusanelli followed the flow of the crowd towards the Capitol in the spirit of protest. He believed the President's claims that the election had been "stolen" and thus wanted to uphold the law and protest the election. He intended to peacefully protest the election results. The protest, however, devolved upon reaching the Capitol. Other supporters, some in riot gear, began to spar with the police and force their way into the Capitol. Mr. Hale-Cusanelli watched as other protesters changed tactics and proceeded into the

Capitol. Amid the other protestors' actions, Mr. Hale-Cusanelli remained peaceful, only following the crowd of other individuals as they progressed forward. Mr. Hale-Cusanelli soon realized the Capitol police were deploying tear gas against the crowd and protected himself from its effects. He witnessed the events unfolding at the Capitol but only intended to protest; at no time did Mr. Hale-Cusanelli engage in any violent acts while at the Capitol.

On 15 January 2021, Mr. Hale-Cusanelli was arrested and charged with Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority pursuant to 18 U.S.C. §§ 1752(1), (a)(2); Violent Entry and Disorderly Conduct on Capitol Grounds pursuant to 18 U.S.C. §§ 5104(e)(2)(D) and (e)(2)(G); and Obstructing a Law Enforcement Officer During a Civil Disorder pursuant to 18 U.S.C. § 231(a)(3). After initially appearing in a New Jersey federal court, Mr. Hale-Cusanelli was released. He was then detained in the District of Columbia on 3 February 2021 and presently remains in custody there.

## LEGAL AUTHORITY

The Federal Rules of Evidence rule 404(b) generally prohibit character evidence offered to show one acted in conformity with their character unless the prosecutor is introducing it for a permitted purpose, such as proving motive, opportunity, intent, preparation or plan, knowledge, identity, and absence of mistake or accident. Fed. R. Evid. 404(b). In the D.C. Circuit, Rule 404(b) is a rule of

"inclusion rather than exclusion." United States v. Cassell, 292 F.3d 788, 796 (2002) (quoting United States v. Bowie, 232 F.3d 923, 929 [D.C. Cir. 2000]). The D.C. Circuit Court of Appeals has noted that "evidence is only prohibited if it is offered for the impermissible inference that a defendant is of bad character resulting in bad conduct." Castell, 292 F.3d at 796. However, the Supreme Court of the United States has stated that, although Rule 404(b) may not prohibit character evidence offered for these permitted purposes, these 404(b) statements are still subject to the "general strictures limited admissibility such as Rules 402 and 403." Huddleston v. United States, 485 U.S. 681, 692 (1988). Rule 402 provides that relevant evidence is admissible if not otherwise prohibited by U.S. laws, whereas Rule 403 states that the court may reject otherwise relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 402; Fed. R. Evid. 403.

Rules 403 and 404(b) provide the D.C. Circuit with a two-part test for the introduction of criminal convictions and other "bad acts": the court must first determine "whether th[e] evidence is probative of a material issue other than character." United States v. Miller, 895 F.2d 1431, 1435 (1990) (quoting Huddleston, 485 U.S. at 681). Then, if the evidence was offered for a permissible

5

Rule 404(b)(2) purpose, the court must determine whether Rules 402 or 403 exclude the evidence. Id.; Fed. R. Evid. 402; Fed. R. Evid. 403.

FRE 404(b)(3) dictates the way in which the prosecutor must notify the defendant of the evidence and the prosecutor's intent to introduce it at trial. Fed. R. Evid. 404(b)(3). The prosecutor must "provide reasonable notice" of the evidence, disclose the purpose for which the prosecutor intends to use the evidence and the reasoning supporting it, and complete both these objectives in writing prior to trial. Id. If such evidence is admitted, the court must give a limiting instruction to the jury at the defendant's request. United States v. Morrow, No. 04-355 (CKK), 2005 U.S. Dist. LEXIS 23512, at *100 (D.D.C. Apr. 7, 2005) (quoting Fed. R. Evid. 105). In the instant case, the Government provided insufficient reasoning to support its "intent" argument, and the statements do not fall within the 404(b)(2) permitted exceptions; the alleged statements themselves lack probative value that outweighs the danger of unfair prejudice; a limiting instruction would not prevent the jury from assigning undue prejudice to the defendant, and the evidence is offered for propensity purposes.

# ARGUMENT

1. **The Government's argument that Defendant's statements show "intent, motive, [and] lack of accident or mistake" lack sufficient justification necessary under Rule 403(b)(3) and do not fall under the permitted Rule 402(b)(2) exceptions.**

The Government's letter dated 30 September 2021 provides for the written requirement of Rule 403(b)(3)(A) and Rule 403(b)(3)(C); however, the letter fails to argue a sufficient reason that these statements allude to Defendant's alleged intent or motive to "participate in the events at the Capitol on January 6, 2021, obstruct the proceedings of the U.S. Congress, and prevent President Biden from taking office."

The logical nexus between the proposed content of witness testimony and Defendant's alleged "intent" or "motive" is non-existent. If Defendant held these particular views, he is not the only individual with such beliefs; he aligns himself to "traditional values," as do many Americans who voted for President Donald Trump. Yet, only a few individuals of the comparative millions that voted for President Trump were present at the 6 January 2021 events. Mere words that are shared by other social media users do not equate to actual intent or motive to disrupt the legislative process. The connection between these alleged statements and the supposed "intent" or "motive" proffered by the Government is too attenuated to constitute legitimate reasoning.

## 2. Under *Huddleston v. United States*, 485 U.S. 681 (1988), the danger of unfair prejudice substantially outweighs Defendant's alleged statements' probative value.

If the court finds these alleged statements are relevant under the first of the two-prong test from Miller and Huddleston, the statements that the Government seeks to introduce are incendiary and should not be admitted. In a country that is currently undergoing a surge of minority justice and equality movements, even the allegation of such statements raises tensions. Entire individuals' careers have crumbled due to allegations of racial, ethnic, or otherwise minority biases, as popular opinion quickly turns on those individuals and public support dwindles. The Government seeks to paint Mr. Hale-Cusanelli as prejudiced and violent when he is not accused of any violent or prejudice-based crimes. This would only serve to confuse the jury and create substantial unfair prejudice. As the risk of prejudice substantially outweighs any probative value, this Court should prevent this evidence from being heard by the jury.

## 3. A limiting instruction would not sufficiently guard against prejudice.

A limiting instruction for 404(b) evidence is permissible where the Defendant requests said instruction; however, this is not sufficient to protect the Defendant from prejudice. Although jury instructions are presumed effective, see Francis v. Franklin, 471 U.S. 307, 324 (1985), the issues at hand are highly politicized, and a limiting instruction would not prevent a jury from finding guilt

based upon opposition to the alleged statements. The current political climate famously condemns statements that do not align with the present social justice climate, strips them of their necessary context, and subsequently scrutinizes the speaker's every move. Mr. Hale-Cusanelli's case is the perfect example of this issue. Media outlets rarely refer to Mr. Hale-Cusanelli in headlines by his name; more often, his appearance is likened to Hitler to immediately command the reader's interest and intrigue as well as to engender a certain opinion of Mr. Hale-Cusanelli before the reader learns anything about the man who wore a suit to the Capitol protest. This is a highly politicized case, where the accused's alleged statements, if introduced, could jeopardize Mr. Hale-Cusanelli's constitutional right to a fair trial.

The risk in this case is too great for the jury to hear this evidence based upon its unfairly prejudicial nature; therefore, this Court should not admit this evidence. However, if this Court finds this testimony admissible, Defendant requests a limiting instruction.

   4. **The Government's proposed evidence is offered for propensity purposes.**

The primary bar on character evidence is for improper, or propensity, purposes. See Fed. R. Evid. 404. Although the Government has indicated it intends to offer this evidence for a reason permitted under 404(b)(2), the Government fails to make a good-faith argument as to why the evidence supposedly shows that Mr.

Hale-Cusanelli's statements proved he had intent or motive to "participate in the events at the Capitol on January 6, 2021, obstruct the proceedings of the U.S. Congress, and prevent President Biden from taking office." The Government simply states that these alleged statements go towards proving intent and motive without explaining why they prove intent or motive. Instead, if permitted, this evidence would only attack the Defendant's character, as it speaks to character and does not address Mr. Hale-Cusanelli's intent or motive for participation in the 6 January 2021 protest. It seeks to establish Mr. Hale-Cusanelli's character and actions in conformance therewith.

    The Government bears the burden of demonstrating this evidence is probative of a permissible 404(b) purpose and not highly prejudicial in nature. Thus far, it has failed to demonstrate that the accused's alleged statements are anything but highly prejudicial. If admitted, these statements would constitute improper character evidence, only serving to paint Mr. Hale-Cusanelli as a bigot rather than prove the Government's case in chief. This Court should not admit this evidence based upon substantial prejudice.

## **CONCLUSION**

    The Government has the burden to establish that its evidence is admissible under Rule 404(b)(2); however, it has failed to do so. The Government's letter to undersigned counsel does not meet the requirements of Rule 403(b)(3), as it fails to

specify why this evidence shows Defendant's intent or motive to participate in the alleged crimes. The Government also seeks to introduce evidence that is unfairly prejudicial in nature and is propensity evidence rather than evidence for a permitted purpose under Rule 402(b). As the Government has failed to meet its burden, this Honorable Court should exclude the testimony of the Government's proposed witnesses for these statements.

                                        Respectfully submitted,

Date: 28 March 2022

*/s/Jonathan W. Crisp*
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com