# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:21-CR-37** |
| : | |
| : | **(JUDGE McFADDEN)** |
| v. : | |
| : | |
| : | |
| **TIMOTHY LOUIS HALE-** : | |
| **CUSANELLI,** : | |
|     **Defendant** : | |

## MOTION TO TRANSFER VENUE

AND NOW comes the Defendant, Timothy Louis Hale-Cusanelli, by and through his counsel, Jonathan W. Crisp, Esquire, and respectfully moves this Honorable Court for a transfer of venue for trial by impartial jury pursuant to the Fifth Amendment, the Sixth Amendment, and Rule 21(a) of the Federal Rules of Criminal Procedure. Defendant moves based upon the presumed prejudice to the Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE

A criminal defendant has a due process right to a fair trial by an impartial jury free from outside influences. See Sheppard v. Maxwell, 384 U.S. 333, 349-62 (1966). Mr. Hale-Cusanelli respectfully asks this court to transfer these proceedings to another venue in the interest of justice and excessive publicity. A defendant may file a motion for transfer of venue based upon two main grounds:

prejudice and convenience. 18 Fed. R. Crim. P. 21(a)-(b). For a transfer based upon prejudice, the court must find, and a defendant must prove, that the prejudice against the defendant is "so great. . . in the transferring district that the defendant cannot obtain a fair and impartial trial there." Id. at (a). Where the transfer is based upon convenience, the court may elect to transfer the proceeding "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice." Id. at (b).

    A prejudice-based transfer rests upon "whether it is possible to select a fair and impartial jury, and the proper occasion for such a determination is upon the *voir dire* examination." Jones v. Gasch, 404 F.2d 1231, 1238 (D.C. Cir. 1967). Indeed, a fair and impartial jury does not need to be ignorant of the case, but each juror must be able to "lay aside his impression or opinion and render a verdict based on the evidence presented in court." Irvin v. Dowd, 366 U.S. 717, 722-733 (1961). However, the presumption that a fair trial is not possible in a jurisdiction can present itself prior to voir dire in "extreme circumstances." United States v. Edmond, 52 F.3d 1080, 1099 (D.C. Cir. 1995). Widespread publicity alone is not enough to trigger an extreme circumstance, and "the mere existence of intense pretrial publicity is not enough to make a trial unfair, nor is the fact that potential jurors have been exposed to this publicity." United States v. Childress, 58 F.3d 693, 706 (D.C. Cir. 1995)(quoting Irvin, 366 U.S. at 722).

To establish prejudice in receiving a fair trial, a defendant must show actual or presumed prejudice, but such presumed prejudice is typically reserved for extreme situations. United States v. Campa, 459 F.3d 1121, 1143 (11th Cir. 2006). Prejudice can be presumed where pervasive prejudice against the defendant or extensive pre-trial publicity saturates the community in which he is to be tried. Id. at 1143.

"[W]hile some of the public becomes thoroughly engrossed in such a story, many do not," making extensive pretrial publicity not sufficient alone to prove the necessity of a motion for transfer of venue. United States v. North, 713 F. Supp. 1444 (D.D.C. 1989). In Rideau v. Louisiana, 373 U.S. 723 (1963), the Supreme Court of the United States did determine when pretrial publicity can be prejudicial; in that case, the defendant faced trial in a 150,000 resident town and the local television station broadcasted his murder confession for three evenings in a row to audiences between 24,000-54,000 each time. United States v. Morrow, 2005 U.S. Dist. LEXIS 8330 (quoting id.). The D.C. Circuit Court of Appeals has previously recognized that negative pretrial publicity can engender "such a presumption of prejudice in a community that jurors' claims that they can be impartial should not be believed." Edmond, 52 F.3d at 1097 (quoting Patton v. Yount, 467 U.S. 1025, 1031 [1984]). "Three factors should be considered in determining presumed prejudice: (1) whether there was a "barrage of inflammatory publicity immediately

prior to trial, amounting to a huge . . . wave of public passion"; (2) whether the news accounts were primarily factual because such accounts tend to be less inflammatory than editorials or cartoons; and (3) whether the media accounts contained inflammatory or prejudicial material not admissible at trial." Ainsworth v. Calderon, 138 F.3d 787, 795 (9th Cir. 1998).

**I.     This Honorable Court should transfer this case to a different venue to preserve Defendant's right to a fair trial and remedy prejudice.**

The presented issue is whether Mr. Hale-Cusanelli can receive a fair trial in the District of Columbia. Defendant asserts that, due to extensive and prejudicial pretrial publicity and the impact on the residents both during and after the demonstrations, this is next to impossible. Generally, the standard for determining prejudice is the voir dire process; however, extreme circumstances may occasion a determination outside of voir dire. Edmond, 52 F.3d at 1099. Defendant asserts that, just like Rideau, he is subject to one such "extreme circumstance" of prejudicial pretrial publicity.

Mr. Hale-Cusanelli respectfully requests a transfer of venue in the interest of justice due to the prejudice Mr. Hale-Cusanelli faces from the widespread publicity of his case and because of the extensive damage caused to the capitol region and the subsequent disruption to the lives of the residents in the aftermath of the 6 January 21 demonstrations.

Washington, D.C. was wrecked by the riot on 6 January 2021, and the riot impacted the transportation and safety of the District of Columbia residents beyond that date. Publicity at the time of the event was voluminous, but still continues to this day. D.C. became an unwilling host to this riot, and residents in the Capitol region are conscious of that. As such, public sentiment to any participant, willing or not, in the riot, cannot be positive, nor can a jury composed of the region's residents be wholly impartial. One need only view the media coverage of Mr. Hale-Cusanelli in the capitol region to know he will not have a fair trial by an impartial jury. See Joshua Zitser, Hitler-loving Capitol insurrectionist with a history of multiple arrests and Jew-baiting had an Army award for 'exemplary behavior' and secret-level security clearance, INSIDER (Mar. 21, 2021, 7:35 AM), https://www.businessinsider.com/timothy-hale-cusanelli-hitler-loving-insurrectionist-secret-level-security-clearance-2021-3; see also Jamie Ross, Army Kicks Out Hitler Mustache-Wearing Solider Who Allegedly Breached Capitol, Says Report, DAILY BEAST (Oct. 20, 2021, 8:51 AM), https://www.thedailybeast.com/timothy-hale-cusanelli-kicked-out-of-us-military-after-alleged-capitol-breach; see also Lexi Lonas, Army reservist with 'Hitler mustach' demoted, discharged after Jan. 6 charges: report, THE HILL (Oct. 20, 2021, 10:21 AM), https://thehill.com/policy/defense/army/577546-army-reservist-with-hitler-mustache-demoted-discharged-after-jan-6?rl=1; see also Alex Horton,

<u>Soldier with 'Hitler mustache' first to be thrown out of military after Capitol riot charges</u>, WASHINGTON POST (Oct. 20, 2021, 5:00 AM), https://www.washingtonpost.com/national-security/2021/10/20/capitol-riot-timothy-hale-cusanelli/. Although a certain amount of bias is unavoidable given the wide circulation of the publications discussing Mr. Hale-Cusanelli, the publications that have mentioned him have only referenced his appearance, which tends to inflame emotions rather than illustrate his case. <u>See id.</u>

The event in which Mr. Hale-Cusanelli allegedly participated required a massive undertaking due to the volume of data, according to the Government. As such, the corresponding impact on the metropolitan Washington, D.C. was equally massive. This is not a case where one can choose not to pay attention as in <u>North</u>; this is a case where the actions of the 6 January 2021 rioters impacted every aspect of life in the District of Columbia for a substantial period of time. When the whole population of the surrounding region feels the impact of an event, the circumstances are outside the realm of normalcy; this event was extreme, and the prejudice it engendered within the District of Columbia's citizens was lasting.

Like <u>Rideau</u>, Mr. Hale's case impacted anywhere from a fifth to a third of the Washington, D.C. population due to the actions and subsequent reactions of the 6 January 2021 capitol breach. Additionally, the publicity surrounding him was front-page news on October 20, 2021. See Horton.  While the District of Columbia

is not rural, it is geographically small, and the 6 January 2021 breach encompassed the entire city. Even more so, the accused's alleged racial and ethnic statements garner the attention of those in the Capitol Region.

Voir dire could not remove the distain for the 6 January 2021 riot from a jury within the District of Columbia and is an insufficient remedy in this case because of the wider impact of the riot on residents' lives beyond the immediate damage to the Capitol. The publicity surrounding this matter creates a presumption of prejudice due to its heavily biased nature that paints Mr. Hale-Cusanelli as a racist insurrectionist and inflames public opinion against him. Mr. Hale respectfully requests a transfer of venue based upon prejudicial publicity as he is unable to receive a fair trial in the District of Columbia and voir dire is insufficient to prevent prejudice from seeping in.

## II. In the Alternative, Defendant Requests Certain Remedial Efforts be Undertaken.

Alternatively and without waiving the above request, the defendant respectfully requests the following actions be taken to reduce the potential or presumed prejudice. Courts have allowed extensive voir dire on potential prejudice[1], written jury questionnaires about the publicity to which they have been

---

[1] See United States v. Pratt, 728 F.3d 463, 471-72 (5th Cir. 2013).

exposed[2], expanding the jury pool or excluding from the jury pool people who live in certain areas[3], increasing the number of peremptory strikes[4], sequestering the jury[5].

---

[2] United States v. Nelson, 347 F.3d 701, 708 (8th Cir. 2008).
[3] United States v. Blom, 242 F.3d 799, 804 (8th Cir. 2001).
[4] Blom at 804.
[5] United States v. Faul, 748 F.2d 1204, 1215 (8th Cir. 1984).

## CONCLUSION

The interests of justice would not be served if Mr. Hale-Cusanelli's trial is held in the District Court of D.C. because the pretrial publicity in Mr. Hale-Cusanelli's case creates a presumption of prejudice, and voir dire is not sufficient to cure this bias. As both convenience and prejudice favor a transfer of venue,Defendant respectfully requests that this Honorable Court grant a transfer of venue to the Southern District of Ohio, the District of Maryland, the Eastern District of Virginia, the Northern District of West Virginia, the District of Connecticut, the Eastern District of North Carolina, or the Western District of Pennsylvania.

Respectfully submitted,
CRISP AND ASSOCIATES, LLC

Date: 28 March 2022

*/s/Jonathan W. Crisp*
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on the individual listed below:

### **ELECTRONIC SERVICE**

Kathryn Fifield, Esquire
Assistant United States Attorney
US Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
Kathryn.fifield@usdoj.gov

Karen Seifert, Esquire
Assistant United States Attorney
US Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
karen.seifert@usdoj.gov

Date: 28 March 2022

/s/ Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant