IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:21-CR-37 |
| | : | |
| | : | (JUDGE McFADDEN) |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY LOUIS HALE-CUSANELLI, | : | |
| | : | |
| Defendant | : | |

**DEFENSE RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE TO LIMIT CROSS-EXAMINATION OF SECRET SERVICE AGENCY WITNESSES AND LOCATIONS OF U.S. CAPITOL POLICE SURVEILLANCE CAMERAS**

On 28-29 March 2022, the Government moved to limit the cross-examination of witnesses with the Secret Service Agency and the specific locations of U.S. Capitol Police Surveillance Cameras. ECF No 64 and 67. Specifically, the Government moves to restrict the Defense from questioning Secret Service witnesses on protocols related to locations where protectees are taken at the Capitol when emergencies occur and details about Secret Service protective details as well as the restriction of specific locations of cameras. The Defense respectfully objects to the Government's motions, citing a need to effectively challenge the Government's case and credibility of any testifying Secret Service Agents. For judicial economy purposes, the Defense combines their response to the above motions into a single motion.

1

## FACTS

The Defense incorporates the Statement of Facts elicited in our previous Brief in Opposition to 404b Notice. ECF No 63.

## ARGUMENT

1. **The Defense Should Be Allowed to Explore the Nature of the Secret Service Protective Detail to Ensure the Government Truly Meets Its Burden.**

Under 18 U.S.C. § 1752(a)(1) and (2), the Government must demonstrate that the Capitol was a restricted building or ground at the time of Mr. Hale-Cusanelli's entrance. To establish the Capitol was a "restricted building," the Government indicated in its motion their intent to prove this by demonstrating that a person, protected by the Secret Service, was present. 18 U.S.C. § 1752(c)(1)(B). In its motion, the Government wishes to limit cross-examination by restricting the Defense from inquiring about the number of agents present, the nature of Secret Service protective details, and the type of agents present. ECF No 64.

The Defense objects to this request on the following limited basis: it is necessary for the defense to be able to challenge that the Agents were actually at the locations they alleged with the protected persons allegedly there. To challenge the credibility of the Agents' assertions it may be necessary to ascertain where they parties were and whether there were cameras in the location that could independently corroborate or contradict the veracity of that claim. The Defense

does not wish to pry into otherwise irrelevant matters that do not directly pertain to the preceding inquiry. The Defense certainly agrees the nature of all other Secret Service protective details are irrelevant for this case unless it pertains to credibility issues; however, the Defense still needs the ability to challenge the Government's case by questioning the agents as to their locations in conjunction with relevant times on 6 January 2021. To restrict the Defense from this line of inquiry would essentially allow the Government to meet the element in questions without challenge. This confrontation issue is akin to the concerns articulated in <u>Crawford v. Washington</u>, when Justice Scalia said,

> [t]o be sure, the Clause's [VI Amendment] ultimate goal is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination. The Clause thus reflects a judgment, not only about the desirability of reliable evidence (a point on which there could be little dissent), but about how reliability can best be determined.

541 U.S. 36, 61 (2003). Furthermore, questioning the agents about their involvement would allow a competent test of their credibility, which is always at issue. Accordingly, depriving Mr. Hale-Cusanelli of the fundamental right to challenge the credibility of the evidence being offered deprives him of a fair trial.

Under a plain reading of FRE 611(b), the matters the Defense intends to explore are well within the scope of direct examination and may affect the witnesses' credibility. As such, the Defense must be able to question where the

partied were located and whether cameras existed to corroborate their claims during the events of 6 January 2021.

2. **The Defense Should Be Allowed to Question Witnesses About the Positions of Capitol Police Cameras in Order to Effectively Assess Witness Credibility.**

The Government moves for the restriction of presentation of specific camera locations in the U.S. Capitol under FRE 401, 403, and 611(b). In order to effectively assess witness credibility and confirm the truthfulness of proposed testimony, the Defense is requesting the ability to question witnesses about proposed camera locations that may have captured the Agents' movement on 6 January 2021. As established above, the Government holds the burden to establish the U.S. Capitol was a "restricted building." In order to meet this burden, they must show, through testimony or physical evidence, that a person protected by the Secret Service was present in the Capitol during Mr. Hale-Cusanelli's entry. In line with the Defense's previous request, the Defense wishes to effectively challenge any Agent testimony regarding locations in the Capitol. But for the relevant locations and camera footage, the Defense would be forced to take the Agents at their word without any means and methods of effectively challenging their testimony. Not allowing the Defense the ability to confirm the Agents' testimony would deprive Mr. Hale-Cusanelli of his right for, "an opportunity for effective cross examination" under the Confrontation Clause. <u>Delaware v. Fensterer</u>, 474

U.S. 15, 20 (1985). As such, the Defense requests this Court allow the inquiry into the specific locations of camera locations, a map of the camera locations, and the relevant footage to effectively evaluate the Agents' testimony.

## CONCLUSION

The Government has the burden to establish that the U.S. Capitol Building was a "restricted building" for purposes of 18 U.S.C. §1752(a)(1) and (2). In order to maintain Mr. Hale-Cusanelli's right to a fair trial and under the Confrontation Clause, this Court should allow the Defense to question the Secret Service Agents about their locations, times, and who they were protecting on January 6. Furthermore, this Court should allow Mr. Hale-Cusanelli the opportunity of effective cross examination by releasing the location of specific camera locations, providing a map of cameras, and the relevant footage to either support or undermine the credibility of the Agents. Lastly, the Defense concurs in the Government's request for an in-camera hearing to evaluate the evidence without danger to national security.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: 15 April 2022 | /s/Jonathan W. Crisp |
|  | Jonathan W. Crisp, Esquire |
|  | 4031 North Front St. |
|  | Harrisburg, PA  17110 |
|  | I.D. # 83505 |
|  | (717) 412-4676 |
|  | jcrisp@crisplegal.com |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was served on the individual listed below:

### **ELECTRONIC SERVICE**

Kathryn Fifield, Esquire
Assistant United States Attorney
US Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
Kathryn.fifield@usdoj.gov


Karen Seifert, Esquire
Assistant United States Attorney
US Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
karen.seifert@usdoj.gov


Date: 15 April 2022	/s/ Jonathan W. Crisp
	Jonathan W. Crisp, Esquire
	4031 North Front St.
	Harrisburg, PA  17110
	I.D. # 83505
	(717) 412-4676
	jcrisp@crisplegal.com
	Attorney for Defendant