UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 21-cr-37 (TNM) |
| : | |
| TIMOTHY LOUIS HALE-CUSANELLI, : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTIONS IN LIMINE TO LIMIT CROSS-EXAMINATION OF SECRET SERVICE AGENCY WITNESSES AND LOCATIONS OF U.S. CAPITOL POLICE SURVEILLANCE CAMERAS**

The United States submits this reply to Defendant's combined response (ECF No. 71) to Government's Motions in Limine to Limit Cross-Examination of Secret Service Agency Witnesses (ECF No. 64) and Locations of U.S. Capitol Police Surveillance Cameras (ECF No. 67).

Defendant misapprehends evidence that the government intends to offer to meet its burden of proof and the scope of the orders in limine the government seeks limiting cross-examination to protect national security. To prove Counts 2 and 3, the government must prove beyond a reasonable doubt that, on January 6, 2021, the Capitol building and grounds were "restricted" for the purposes of 18 U.S.C. § 1752(c). To do that, the government need only establish that the area was "posted, cordoned off, or otherwise restricted" and that it was an area "where a person protected by the Secret Service is or will be temporarily visiting." 18 U.S.C. § 1751(c)(1)(B). It is for this limited purpose that the government will offer testimony by a United States Secret Service (USSS) representative. It is not necessary for that USSS witness to have been physically present within the restricted area in order to testify that it was restricted, nor is it required for a protectee to have been physically present in the restricted area at any specific point in time. *See id.* (an area may be restricted "where a person protected by the Secret Service *was or will be*

*visiting*" (emphasis added)).[1]  It is therefore not relevant to any material issue "that the Agents were actually at the locations they alleged with the protected persons allegedly there," which is the line of inquiry that Defendant seeks to pursue.  (*See* ECF No. 71 at 22.)  More specifically, it is not relevant *where* either the USSS witness or any protectee was within the restricted area at any point in time for purposes of establishing that the area was restricted under 18 U.S.C. § 1752(c).

Moreover, to the extent that the USSS witness testifies on direct examination either about their location or the location of a protectee on January 6—which would allow Defendant to cross-examine the witness on those topics—those facts are not within the scope of the order in limine that the government seeks limiting cross-examination of the USSS witness.  The government seeks an order limiting cross-examination as to Secret Service protocols and the nature of Secret Service protective details, (*see* ECF No. 64 at 2, 4,) neither of which are relevant to whether the Capitol or its grounds were restricted on January 6 or to the credibility of the USSS witness within the scope of his or her testimony.

Similarly, the position of U.S. Capitol Police surveillance cameras is not relevant to whether the Capitol or its grounds were restricted on January 6.  However, the government only seeks an order in limine limiting cross-examination as to the *exact* locations of surveillance cameras and prohibiting Defendant from introducing maps which show the cameras' locations.  The government's motion in limine specifically states that the defense should be allowed to question witnesses about what the surveillance footage shows and does not show, or about the

---

[1]  The Government expects to show, as it has in other trials, that protectees were physically present in the restricted area on January 6, but it is not necessary for the purpose of meeting the government's burden of proof that either the USSS witness or a protected person were physically present in the restricted area at any specific point in time.  A USSS witness will testify that the protected persons who were or would be visiting the Capitol building on January 6, 2021, included Vice President Mike Pence and his immediate family.

general location of surveillance cameras—"A general description, and the footage from the camera itself, will make clear what the camera recorded and what it did not." (ECF No. 67 at 3-4.) To the extent Defendant seeks to question any witness about "locations in the Capitol," the order in limine that the government seeks should not prevent him from doing that.

For the reasons stated herein and in the government's Motions in Limine, the United States respectfully requests that the Court grant its Motions in Limine to Limit Cross-Examination of Secret Service Agency Witnesses (ECF No. 64) and Locations of U.S. Capitol Police Surveillance Cameras (ECF No. 67).

                                              Respectfully submitted,

                                              MATTHEW M. GRAVES
                                              United States Attorney
                                              D.C. Bar No. 481052

By:   */s/ Kathryn E. Fifield*
       Kathryn E. Fifield
       Wis. Bar No. 1097640
       Trial Attorney
       U.S. Department of Justice, Criminal Division
       Detailed to the D.C. United States Attorney's Office
       601 D Street, N.W.
       Washington, D.C. 20001
       (202) 320-0048
       Kathryn.fifield@usdoj.gov

            Karen P. W. Seifert
            NY Bar No. 4742342
            Assistant United States Attorney
            National Security Section
            United States Attorney's Office
            601 D Street, N.W.
            Washington, D.C. 20001
            (202) 252-7527
            Karen.Seifert@usdoj.gov