## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:21-CR-37** |
| | : | |
| | : | **(JUDGE McFADDEN)** |
| **v.** | : | |
| | : | |
| | : | |
| **TIMOTHY LOUIS HALE-** | : | |
| **CUSANELLI,** | | |
| **Defendant** | : | |

## DEFENSE REPLY BRIEF IN OPPOSITION TO GOVERNMENT'S NOTICE PURSUANT TO FRE 404(b)

Mr. Hale-Cusanelli, through counsel, submits his reply to the Government's brief supporting their FRE 404(b) notice. Even considering its brief, the Government fails to meet its burden in demonstrating how Mr. Hale-Cusanelli's speech and beliefs are intrinsic to the charges alleged or how they pass the evidentiary requirements under FRE 404(b). Taking all facts into consideration, this Court should exclude Mr. Hale-Cusanelli's statements and beliefs.

## ARGUMENT

### 1. The Government Has Not Met Their Burden to Establish Defendant's Statements Are Intrinsic to the Charges at Hand.

In its reply brief, the Government contends that statements made by Mr. Hale-Cusanelli regarding his "animus toward Jewish people and association of Democrats and President Biden as part of the Jewish people, hopes for civil war in America,

1

and [his] support of President Donald Trump regarding election fraud" are intrinsic to the alleged actions; thereby making FRE 404(b) nonapplicable. *See* ECF Doc. 68, page 6; *See also* United States v. Bowie, 232 F. 3d 923, 928 (D.C. Cir. 2000). As defined, "Intrinsic evidence encompasses evidence that is either 'of an act that is part of the charged offense' or is of 'acts performed contemporaneously with the charged crime…if they facilitate the commission of the charged crime." United States v. Moore, 651 F.3d 30, 63 (D.C. Cir. 2011) (citing United States v. Bowie, 232 F.3d 923, 929 [D.C. Cir. 2000]). In support of its contention, the Government cites United States v. Badru, stating "evidence 'offered as direct evidence of [a] fact in issue' is not evidence of an 'other' crime," thereby making FRE 404(b) inapplicable. ECF Doc. 68, page 6 (citing Badru, 97 F.3d 1471, 1475 [D.C. Cir. 1995]). The Government's reliance on Badru is misplaced, given the comparison between Badru's facts and the facts of Mr. Hale-Cusanelli's case.

In Badru, Defendant Badru was indicted for conspiracy to distribute heroin, among other offenses. Badru, 97 F.3d at 1472. In its case in chief, the Government introduced evidence of Defendant Badru's involvement in smuggling heroin from Nigeria through couriers in 1992 and early 1993. Id. at 1473. On appeal, the D.C. Circuit Court of Appeals heard Defendant Badru's claim that this evidence was improperly admitted under FRE 404(b). In its opinion, the Court of Appeals agreed that smuggling heroin were intrinsic of the conspiracy to distribute heroin stating,

"As the district court noted, [Badru] had to obtain heroin from a source before [Badru] could distribute it." Id. at 1475. As a result, Defendant Badru's conviction was upheld. Id. at 1472.

Here, Mr. Hale-Cusanelli's statements do not provide the nexus required to demonstrate his statements were part of the charged offenses or performed contemporaneously with the charged crime. Mr. Hale-Cusanelli's purported animus towards Jewish people, including the beliefs of white supremacy and Nazi sympathy, do not go to establish any conduct that would exist in the chain of events leading to the January 6 events or to establish his alleged intent to disrupt the count of the Electoral College votes. As it appears on its face, the Government wishes to use Mr. Hale-Cusanelli's free speech against him in an attempt to disparage his character in front of a jury.

Furthermore, his speech involving a "civil war" and his use of a Founding Father's quote pertaining to watering the tree of liberty with the blood of patriots and tyrants *may* be considered intrinsic to the actions if Mr. Hale-Cusanelli were to have committed violent actions or even alleged to have committed violent acts when he entered the Capitol on January 6th. Nowhere can the Government assert Mr. Hale-Cusanelli committed violent actions against Capitol Police, carrying any weapons, or destroying any property while in the Capitol Building. Thus, these statements

made by Mr. Hale-Cusanelli are not intrinsic to the charged conduct and FRE 404(b) should apply to determine their admission.

## 2. The Government Fails to Meet Their Burden Under FRE 404(b) in Establishing a Legitimate, Nonpropensity Purpose.

Secondly, the Government contends that they look to use Mr. Hale-Cusanelli's previous statements to demonstrate his intent under FRE 404(b). However, the Government must do more than talismanically invoke 404(b) to make this evidence admissible. The burden lies with the Government, as the moving party, to demonstrate the evidence in question is admissible under the requirements of FRE 404(b). Based on their previous brief, the Government fails to meet this burden.

As discussed in both previous briefs, the DC Circuit observes a two-prong test when determining whether evidence should be admissible under FRE 404(b). First, the evidence must be probative of a material issue other than character. United States v. Miller, 895 F.2d 1431, 1435 (1990). If the evidence passes the first prong, then the court moves to the second prong which determines whether the evidence's prejudicial effect substantially outweighs the probative value. Id.

Regarding the first prong, the Government purports Mr. Hale-Cusanelli's statements demonstrate his intent to commit the alleged offenses. Specifically, the Defendant's statements "articulating his desire for civil war and his white-supremacist/Nazi-sympathizer ideology are relevant to his corrupt motive to

4

disrupt or attempt to disrupt the orderly operation of government..." ECF Doc. 68, page 10. The Government fails to demonstrate a logical nexus between Mr. Hale-Cusanelli's rhetoric about a civil war or how his purported white-supremacist/Nazi-sympathizer ideology led to his intent to storm the Capitol and disrupt the Count on January 6. Mr. Hale-Cusanelli's alleged animus towards Jewish people has zero merit to establish his intent to enter the Capitol to disrupt proceedings and is only used to taint him as a bad actor. This would be entirely a different matter if the facts in this case included Mr. Hale-Cusanelli taking arms, entering the Capitol, destroying Government property, or attempting to kidnap those who were in the Capitol tasked with certifying the election. Rather, Mr. Hale-Cusanelli entered the Capitol, held a flag, then left the Capitol grounds without committing any acts of violence, vandalism, or kidnapping. If Mr. Hale-Cusanelli truly intended on jumpstarting his own civil war, he would have done more than just enter the Capitol to look around and hold a flag. Because of the facts before this Court, the Government fails to meet the first prong of the Miller test, and this evidence should not be admitted under FRE 404(b).

As with the first prong, the Government fails to demonstrate how the evidence in question passes FRE 403 muster, which is the second prong of the Miller test. The evidence the Government wishes to use in Mr. Hale-Cusanelli's trial would paint him as a racist and bigot rather than a person having the intent to

disrupt a proceeding. While it may be true FRE 403 does not bar powerful, or even prejudicial, evidence, FRE 403 bars evidence that is *substantially prejudicial* as compared to its probative value. Mr. Hale-Cusanelli's rhetoric and beliefs do not tend to make any fact at issue in this case more or less probable, diminishing the probative value. Instead, this evidence is simply being used to bring out bad character to taint the jury's consideration of the facts. Mr. Hale-Cusanelli's beliefs and speech provide substantial prejudice which outweighs any probative value. Thus, the second prong of the <u>Miller</u> test has not been satisfied and this evidence should be excluded.

## **CONCLUSION**

The Government must establish that its evidence is admissible under FRE 404(b) and have failed to do so. Based on the above, Mr. Hale-Cusanelli's statements are not intrinsically linked to the charged conduct, do not demonstrate a sufficient nexus to intent under FRE 404(b), and serve to demonize his character with undue prejudice. Based on this extrinsic evidence failing to meet the <u>Miller</u> test, this Court should exclude Mr. Hale-Cusanelli's statements and beliefs contained in the Government's 404(b) notice and brief.

Respectfully submitted,

Dated: 22 April 2022

*/s/Jonathan W. Crisp*
Jonathan W. Crisp, Esquire