# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Case No: 21-CR-37 (TNM)** |
| | : | |
| **v.** | : | |
| | : | |
| **TIMOTHY LOUIS HALE-CUSANELLI,** | : | |
| | : | |
| **Defendant.** | : | |

## JOINT PROPOSED JURY INSTRUCTIONS

The parties jointly propose the following jury instructions:

### I.    Instructions Before and During Trial

The parties have no objection to the Pattern Criminal Jury Instructions for the District of

Columbia, 2021 Release ("Redbook"), as appropriate based on the developments at trial.

### II.    Final Instructions

1.   Furnishing the Jury with a Copy of the Instructions, Redbook 2.100

2.   Function of the Court, Redbook 2.101

3.   Function of the Jury, Redbook 2.102

4.   Jury's Recollection Controls, Redbook 2.103

5.   Evidence in the Case, Redbook 2.104

6.   Statements of Counsel, Redbook 2.105

7.   Indictment Not Evidence, Redbook 2.106

8.   Burden of Proof, Redbook 2.107

9.   Reasonable Doubt, Redbook 2.108

10.   Direct and Circumstantial Evidence, Redbook 2.109

11.   Nature of Charges Not to Be Considered, Redbook 2.110

12.   Number of Witnesses, Redbook 2.111

13. Inadmissible and Stricken Evidence, Redbook 2.112

14. Credibility of Witnesses, Redbook 2.200

15. Police Officer's Testimony, Redbook 2.207

16. Right of Defendant Not to Testify, Redbook 2.208 *or* Defendant as

    Witness, Redbook 2.209, *as applicable*

17. Statements of the Defendant – Substantive Evidence, Redbook 2.305

18. Transcripts of Tape Recordings, Redbook 2.310

19. Count One, Obstruction of an Official Proceeding in violation of 18

    U.S.C. § 1512(c)(2) [see proposal below]

    a. Elements

    b. "Official Proceeding"

    c. "Knowingly"

    d. "Corruptly"

    e. Attempt

    f. Aiding and Abetting

20. Count Two, Entering or Remaining in a Restricted Building or Grounds in

    violation of 18 U.S.C. § 1752(a)(1) [see proposal below]

    a. Elements

    b. "Restricted Building or Grounds"

21. Count Three, Disorderly or Disruptive Conduct in a Restricted Building or

    Grounds in violation of 18 U.S.C. § 1752(a)(2) [see proposal below]

    a. Elements

    b. "Disorderly or Disruptive Conduct"

22. Count Four, Disorderly or Disruptive Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D) [see proposal below]

    a. Elements

    b. "Willfully"

    c. "Orderly Conduct of a Session of Congress"

23. Count Five, Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G) [see proposal below]

    a. Elements

24. Other Crimes Evidence, Redbook 2.321[1]

25. Proof of State of Mind, Redbook 3.101

26. Multiple Counts – One Defendant, Redbook 2.402

27. Unanimity—General, Redbook 2.405

28. Verdict Form Explanation, Redbook 2.407

29. Redacted Documents and Tapes, Redbook 2.500

30. Exhibits During Deliberations, Redbook 2.501

31. Selection of Foreperson, Redbook 2.502

32. Possible Punishment Not Relevant, Redbook 2.505

33. Cautionary Instruction on Publicity, Communication, and Research, Redbook 2.508

34. Communication Between Court and Jury During Jury's Deliberations, Redbook 2.509

35. Excusing Alternate Jurors, Redbook 2.511

---

[1] Inclusion to be determined based on this Court's ruling on Defendant's 404(b) objection.

Proposed Instruction No. 19a

## **OBSTRUCTION OF AN OFFICIAL PROCEEDING - ELEMENTS**[2]
### (18 U.S.C. § 1512(c)(2))

Count One of the indictment charges Timothy Louis Hale-Cusanelli with corruptly obstructing an official proceeding, which is a violation of federal law. Count One also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense. The Court will first explain the elements of the substantive offense, along with its associated definitions. Then, the Court will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

---

[2] 18 U.S.C. § 1512(c)(2).

Proposed Instruction No. 19b

## OBSTRUCTION OF AN OFFICIAL PROCEEDING – "OFFICIAL PROCEEDING"[3]

The term "official proceeding" includes a proceeding before the Congress. The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Count One, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

---

[3] For the definition of "official proceeding": 18 U.S.C. § 1515(a)(1)(B); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit §§ 1512 & 1515(a)(1).

For a holding that Congress's Joint Session to certify the Electoral College vote on January 6, 2021 was an "official proceeding": *United States v. McHugh*, No. CR 21-453 (JDB), 2022 WL 296304, at *7 (D.D.C. Feb. 1, 2022); *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *4 (D.D.C. Dec. 10, 2021); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591, at *9-10 (D.D.C. Dec. 28, 2021).

For the assertion that the proceeding need not be pending: 18 U.S.C. § 1512(f)(1).

For the nexus requirement (that the official proceeding be reasonably foreseeable): *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *12 (D.D.C. Dec. 10, 2021); *United States v. Aguilar*, 515 U.S. 593, 599-600 (1995); The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit at §§ 1512 & 1515(a)(1).

Proposed Instruction No. 19c

## OBSTRUCTION OF AN OFFICIAL PROCEEDING – "KNOWINGLY"[4]

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

---

[4] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, 4.10 ("Definition of Knowingly"); *see also* Third Circuit Model Jury Instruction, Criminal, 5.02 ("Knowingly")).

Proposed Instruction No. 19d

## OBSTRUCTION OF AN OFFICIAL PROCEEDING – "CORRUPTLY"[5]

To act "corruptly," the defendant must use unlawful means or have a wrongful or an unlawful purpose, or both.  The defendant must also act with "consciousness of wrongdoing."  "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.  For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

---

[5] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; *Arthur Andersen LLP v. United States*, 544 U.S. 696, 706 (2005); *United States v. Gordon*, 710 F.3d 1124, 1151 (10th Cir. 2013); *United States v. Friske*, 640 F.3d 1288, 1291 (11th Cir. 2011); *United States v. Watters*, 717 F.3d 733, 735 (9th Cir. 2013); *United States v. North*, 910 F.2d 843, 883 (D.C. Cir. 1990) *withdrawn and superseded in part by United States v. North*, 920 F.2d 940 (D.C. Cir. 1990); *United States v. Sandlin*, No. 21-cr-88 (DLF), 2021 WL 5865006, at *11-13 (D.D.C. Dec. 10, 2021); *United States v. Caldwell*, No. 21-cr-28 (APM), 2021 WL 6062718, at *11 (D.D.C. Dec. 20, 2021); *United States v. Mostofsky*, No. 21-cr-138 (JEB), 2021 WL 6049891, at *11 (D.D.C. Dec. 21, 2021); *United States v. Montgomery*, No. 21-cr-46 (RDM), 2021 WL 6134591, at *19-21 (D.D.C. Dec. 28, 2021); *United States v. Nordean*, No. 21-cr-175 (TJK), 2021 WL 6134595, at *10-11 (D.D.C. Dec. 28, 2021); *United States v. Lonich*, No. 18-10298, 2022 WL 90881, at *18 (9th Cir. Jan. 10, 2022).

Proposed Instruction No. 19e

**OBSTRUCTION OF AN OFFICIAL PROCEEDING – ATTEMPT[6]**

In Count One, Timothy Louis Hale-Cusanelli is also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it.  You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime.  Instead, you must find that the defendant took some

---

[6] Redbook 7.101; The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit; Third Circuit Pattern Jury Instructions 7.01.

firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding.  However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

Proposed Instruction No. 19f

## OBSTRUCTION OF AN OFFICIAL PROCEEDING – AIDING AND ABETTING[7]

In this case, the government further alleges that Timothy Louis Hale-Cusanelli aided and abetted others in committing obstruction of an official proceeding as charged in Count One.

A person may be guilty of an offense if he aided and abetted another person in committing the offense.  A person who has aided and abetted another person in committing an offense is often called an accomplice.  The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

---

[7] Redbook 3.200; 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02.

Fifth, that the defendant did that act or acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense. That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense. Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find the defendant guilty as an aider and abetter. If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

Proposed Instruction No. 20a

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS – ELEMENTS[8]
### (18 U.S.C. § 1752(a)(1))

Count Two of the indictment charges Timothy Louis Hale-Cusanelli with entering or remaining in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, the defendant entered or remained in a restricted building or grounds without lawful authority to do so.

Second, the defendant did so knowingly.

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

---

[8] 18 U.S.C. § 1752; *United States v. Jabr*, 4 F.4th 97, 101 (D.C. Cir. 2021).

Proposed Instruction No. 20b

## ENTERING OR REMAINING IN A RESTRICTED BUILDING OR GROUNDS – "RESTRICTED BUILDING OR GROUNDS"[9]

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.

---

[9] 18 U.S.C. § 1752(c); 18 U.S.C. § 3056.

Proposed Instruction No. 21a

## **DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS – ELEMENTS[10]**
(18 U.S.C. § 1752(a)(2))

Count Three of the indictment charges Timothy Louis Hale-Cusanelli with disorderly or disruptive conduct in a restricted building or grounds, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any restricted building or grounds.

2. Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

3. Third, that the defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

The term "restricted building or grounds" has the same meaning as in the instruction for Count Two defining "restricted building or grounds."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

---

[10] 18 U.S.C. § 1752(a)(2).

Proposed Instruction No. 21b

## DISORDERLY OR DISRUPTIVE CONDUCT IN A RESTRICTED BUILDING OR GROUNDS – "DISORDERLY OR DISRUPTIVE CONDUCT"[11]

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses words likely to produce violence on the part of others, is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

---

[11] Redbook 6.643

15

Proposed Instruction No. 22a

## <u>DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING – ELEMENTS[12]</u>
(40 U.S.C. § 5104(e)(2)(D))

Count Four of the indictment charges Timothy Louis Hale-Cusanelli with disorderly or disruptive conduct in a capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

3. Third, that the defendant acted willfully and knowingly.

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same as in the instruction for Count Two defining "disorderly conduct" and "disruptive conduct."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

_____

[12] For the elements:  40 U.S.C. § 5104.

For the definition of "United States Capitol Buildings":  40 U.S.C. § 5101.

Proposed Instruction No. 22b

## **DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING – "WILLFULLY"[13]**

A defendant acts "willfully" if he knew his conduct was unlawful and intended to do something that the law forbids.  That is, to find that defendant acted "willfully," you must find that the evidence proved beyond a reasonable doubt that the defendant acted with a purpose to disobey or disregard the law.  "Willfully" does not, however, require proof that the defendant had any evil motive or bad purpose other than the purpose to disobey or disregard the law, nor does it require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

---

[13] Third Circuit Model Jury Instruction, Criminal, 5.05 ("Willfully"); *United States v. Bryan*, 524 U.S. 184, 190 (1998).

Proposed Instruction No. 22c

**<u>DISORDERLY OR DISRUPTIVE CONDUCT IN A CAPITOL BUILDING –
"ORDERLY CONDUCT OF A SESSION OF CONGRESS"</u>**

I instruct you that, for purposes of Count Four, "the orderly conduct of a session of Congress or either House of Congress" includes all the actions of the Joint Session of Congress convened on January 6, 2021, to certify the Electoral College Presidential Election of 2020.

Proposed Instruction No. 23a

**PARADING, DEMONSTRATING, OR PICKETING IN A CAPITOL BUILDING – ELEMENTS**[14]
(40 U.S.C. § 5104(e)(2)(G))

Count Five of the indictment charges Timothy Louis Hale-Cusanelli with parading, demonstrating, or picketing in a capitol building, which is a violation of federal law.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following three elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

The terms "parade" and "picket" have their ordinary meanings.  The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The term "United States Capitol Buildings" has the same meaning as in the instruction for Count Four defining "United States Capitol Buildings."

The term "knowingly" has the same meaning as in the instruction for Count One defining "knowingly."

The term "willfully" has the same meaning as in the instruction for Count Four defining "willfully."

---

[14] 40 U.S.C. § 5104; *Bynum v. United States Capitol Police Board*, 93 F. Supp. 2d 50, 58 (D.D.C. 2000