# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:21-CR-37 |
| | : | |
| | : | (JUDGE McFADDEN) |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY LOUIS HALE-CUSANELLI, | : | |
| | : | |
| Defendant | : | |

DEFENDANT'S REPLY BRIEF TO THE GOVERNMENT'S MOTION IN OPPOSITION TO THE MOTION TO DISMISS COUNT ONE OF THE SUPERSEDING INDICTMENT

Defendant Timothy Hale-Cusanelli submits this reply to the Government's motion in opposition filed on 15 April 2022 and in support of the motion sets forth the following arguments.

## 1. Introduction

The Defense response will be limited to whether Hale-Cusanelli's acts fit within the scope of Section 1512(c)(2); he rests on the earlier submissions contained within the initial motion to dismiss regarding issues address in the Government's responsive pleading and requests oral argument on this motion.

**STATUTORY INTERPRETATION**

The Government and Defense agree that in ascertaining whether section 1512(c)(2) applies to the defendant's conduct one must begin "… with the text and legislative history of" the statute." Busic v. United States, 446 U.S. 398, 405 (1980). The Government spent considerable time arguing that the Section 1512(c)(2) serves as a

1

catchall provision for the entire section. The fundamental, most common sense problem with such an argument is that "this inconsistency would come in the oddest of places: in a subsection of a subsection nestled in the middle of the statute." Memorandum Opinion, United States v. Miller, Case no.: 1:21-cr-119, ECF No. 72, p. 21.

Aside from creating the superfluity problems for a number of other subsections, the Government attempts to argue that by limiting Section 1512(c)(2) one would make it superfluous and that seeing it as a catchall provision for corrupt obstructive conduct not covered by 1512(c)(1) would give effect to every word and clause in 1512(c). (ECF no 69 at 18-19). That is not correct. It would still force one to render superfluous the word "otherwise", the subject of much debate and definition.

Interestingly, the Government has sought to attack the holding in Miller based on the application of the rule of lenity because more no other judges have thought there was sufficient ambiguity to rule against the application of the rule. Such an attack, however, does not undercut the validity of the multiple interpretations present in the statute. This, quite frankly, is the first time that any number of judges have had an opportunity to review the application of the Section 1512(c)(2) to this specific fact pattern.

## III. Conclusion

     For the reasons set forth hereinabove, the Defendant, Mr. Hale-Cusanelli, respectfully requests that this Honorable Court grant the foregoing motion to dismiss.

                                      Respectfully submitted,

                                      CRISP AND ASSOCIATES, LLC

Date: 23 April 2022                       */s/Jonathan W. Crisp*
                                                Jonathan W. Crisp, Esquire
                                                4031 North Front St.
                                                Harrisburg, PA  17110
                                                I.D. # 83505
                                                (717) 412-4676
                                                jcrisp@crisplegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the individual listed below:

### ELECTRONIC SERVICE

Kathryn Fifield, Esquire
Assistant United States Attorney
US Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
Kathryn.fifield@usdoj.gov

Karen Seifert, Esquire
Assistant United States Attorney
US Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
karen.seifert@usdoj.gov

Date: 23 April 2022

/s/ Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:21-CR-37** |
| : | |
| : | **(JUDGE McFADDEN)** |
| v. : | |
| : | |
| : | |
| **TIMOTHY LOUIS HALE-** : | |
| **CUSANELLI,** : | |
|     **Defendant** : | |

## ORDER

Upon consideration of the Defendant's Motion to Dismiss Count One of the Superseding Indictment, it is hereby ORDERED that the Motion is GRANTED.

Date: _____   _____
HONORABLE JUDGE MCFADDEN
United States District Court
District of Columbia