IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

TIMOTHY LOUIS HALE-CUSANELLI,

Defendant.

Case No: 21-cr-37-TNM

## APPLICATION FOR ACCESS TO TRIAL EXHIBITS

Pursuant to Local Criminal Rule 57.6, applicants Cable News Network, Inc., American Broadcasting Companies, Inc. d/b/a ABC News, The Associated Press, Buzzfeed, Inc. d/b/a BuzzFeed News, CBS Broadcasting Inc. o/b/o CBS News, Dow Jones & Company, Inc., publisher of The Wall Street Journal, The E.W. Scripps Company, Gannett Co., Inc., Gray Media Group, Inc., Los Angeles Times Communications LLC, publisher of The Los Angeles Times, National Public Radio, Inc., NBCUniversal Media, LLC d/b/a NBC News, The New York Times Company, Pro Publica, Inc., Tegna, Inc., and WP Company LLC, d/b/a The Washington Post (together, the "Press Coalition") respectfully seek access, under the First Amendment and common law, to the exhibits that are being admitted into evidence in the jury trial in this matter. In support of this application the Press Coalition states as follows:

1. On May 14, 2021, in response to a motion filed by the Press Coalition, Chief Judge Beryl A. Howell issued Standing Order No. 21-28 (the "Standing Order"). The Standing Order recognizes "[t]he significant public and media interest in the numerous criminal cases arising from the January 6, 2021 violent breach of the United States Capitol (the 'Capitol Cases')." *See* Standing Order at 2.

2.     To accommodate this interest, the Standing Order provides that "[m]embers of the media seeking access to video exhibits submitted to the Court in Capitol Cases may file an application . . . to the presiding judge in the case, or if no judge has been assigned, to the Chief Judge, for determination, and the judge may seek the position of the parties." *See id.* at 5.

3.     The Standing Order further provides that "[u]pon grant of such media application, the government shall make the video exhibit[s] available to any member of the media with necessary access credentials provided by the government, unless the order otherwise limits access." *See id.* at 5-6. Specifically, the Standing Order states that "[m]embers of the media provided access to video exhibits in a particular case pursuant to such order may view those exhibits" by way of an electronic "'drop box'" into which the Government has agreed to place videos subject to access orders in the Capitol Cases. *See id.* at 6.

4.     This is one of the Capitol Cases. Defendant Timothy Louis Hale-Cusanelli has been indicted on five counts related to his alleged conduct on January 6 at the Capitol. *See* Superseding Indictment, Dkt. 59. During the trial, the parties will make their case to the jury in part through the presentation of exhibits (the "Trial Exhibits").

5.     The Trial Exhibits are plainly "intended to influence the court" in its decision-making, and as a result they are judicial records subject to a "strong presumption in favor of public access." *Leopold v. United States*, 964 F.3d 1121, 1127-28 (D.C. Cir. 2020) (Garland, J.).

6.     Neither the Defendant nor the Government could possibly rebut the presumption of access to any Trial Exhibits, which are being admitted in open court, under *United States v. Hubbard*, 650 F.2d 293, 317-21 (D.C. Cir. 1980). *See also, e.g.*, *Craig v. Harney*, 331 U.S. 367, 374 (1947) ("A trial is a public event. What transpires in the court room is public property.").

7. Because the Trial Exhibits are judicial records subject to an unrebutted presumption of public access, the Court should grant this Application and direct the Government to release the Trial Exhibits to the Press Coalition via electronic "drop box" the same day they are admitted in court and published to the jury. *E.g.*, Minute Order of April 27, 2022, *United States v. Webster*, 21-cr-208-APM-1 (granting the Coalition's motion for access to trial exhibits and directing the Government to "provide same-day access to admitted exhibits, or within a reasonable time thereafter"); Order, *United States v. Thompson*, No. 21-cr-161-RBW, Dkt. 93 (granting the Coalition's motion for access to trial exhibits); *see also* Order, *United States v. Sussmann,* No. 21-cr-582-CRC, Dkt. 128 (ordering that the parties "shall make available to the media at the end of the trial day a copy of any admitted exhibits").

8. To expedite that release, the Court should instruct the Government to provide Coalition members and their counsel with the "necessary access credentials" referenced in the Standing Order.

9. The Standing Order provides that "[n]o recording, copying, downloading, retransmitting or further broadcasting of video exhibits in a particular case is permitted, unless such permission is granted by the presiding judge." *See* Standing Order at 6. The Press Coalition therefore requests that the Court grant permission to record, copy, download, retransmit, and otherwise further publish these Trial Exhibits.[1]

---

[1] The Press Coalition makes this request without conceding that the Standing Order complies with the First Amendment or common law, and expressly reserving the right to challenge this and other portions of the Standing Order in this and other Capitol Cases.

## CONCLUSION

For the foregoing reasons, the Press Coalition respectfully requests that the Court order the Government to release the Trial Exhibits, without restriction, the same day that they are presented at trial.

Dated: May 24, 2022

Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*

Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Lauren Russell (#1697195)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballarspahr.com

*Counsel for the Press Coalition*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2022, I caused true and correct copies of the foregoing to be served via electronic mail and U.S. Mail on the following:

Jonathan W. Crisp
CRISP AND ASSOCIATES, LLC
4031 North Front Street
Harrisburg, PA 17110
jcrisp@crisplegal.com

*Attorney for Defendant Timothy Louis Hale-Cusanelli*

Karen Patricia Seifert
Kathryn E. Fifield
James Pearce
555 4th Street, NW
Washington, DC 20530
karen.seifert@usdoj.gov
kathryn.fifield@usdoj.gov
james.pearce@usdoj.gov

*Attorneys for the United States of America*

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)