**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>TIMOTHY HALE-CUSANELLI,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Case No. 1:21-cr-37-TNM<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT HALE-CUSANELLI'S RESPONSE TO THE GOVERNMENT'S NOTICE
OF SUPPLEMENTAL AUTHORITY**

On September 21, the government filed a Notice of Supplemental Authority, attaching transcripts of three sentencing proceedings in which this Court applied U.S.S.G. §§2J1.2(b)(1)(B) and (b)(2) to January 6 defendants convicted under § 1512(c)(2).  ECF No. 114.  The rules pertaining to notices of supplemental authority in this district are governed by analogy to Federal Rule of Appellate Procedure 28(j).  *E.g.*, *Sanders v. District of Columbia*, 2014 U.S. Dist. LEXIS 156954, at *2 (D.D.C. Nov. 6, 2014).  Hale-Cusanelli therefore files this "similarly limited" response.  Fed. R. App. P. 28(j).

In one of the sentencing transcripts filed by the government, a judge of this Court appears to hold that "one can't quite read the [G]uidelines precisely the way one would read a statute." *United States v. Matthew Ryan Miller*, 21-cr-75-RDM, Tr. May 23, 2022, p. 17.  As the Court knows, Hale-Cusanelli cited contrary decisions from two courts of appeals.  *United States v. Martinez*, 870 F.3d 1163, 1166 (9th Cir. 2017) ("We interpret the Sentencing Guidelines using the ordinary tools of statutory interpretation."); *United States v. Fulford*, 662 F.3d 1174, 1177 (11th Cir. 2011) ("The language of the Sentencing Guidelines, like the language of a statute,

1

must be given its plain and ordinary meaning."). However, now that the government has cited the judge's decision in *Matthew Ryan Miller*, Hale-Cusanelli files this notice to make clear that apparently every circuit, or nearly every circuit, would find *Miller*'s interpretive method erroneous. *United States v. Smith*, 989 F.3d 575, 586 (7th Cir. 2021) (applying plain language analysis to Guidelines); *United States v. Collins*, 754 F.3d 626, 630 (8th Cir. 2014) ("[W]e employ basic rules of statutory construction when interpreting the Guidelines."); *United States v. Peterson*, 629 F.3d 432, 434 (4th Cir. 2011) (same); *United States v. Bustillos-Pena*, 612 F.3d 863, 868 (5th Cir. 2010) (same, including rule of lenity); *United States v. Savin*, 349 F.3d 27, 35-36 (2d Cir. 2003) ("In interpreting the Guidelines, we are guided by the notion that [they], having the force and effect of law, are to be construed as if they were a statute, giving the words used their common meaning, absent a clearly expressed manifestation of contrary intent.") (internal quotation marks omitted); *United States v. Bahhur*, 200 F.3d 917, 927 (6th Cir. 2000) ("In determining the manner in which to apply [the Guidelines] we utilize the basic rules of statutory construction because the Guidelines should be interpreted as if they were a statute."); *United States v. Thompson*, 32 F.3d 1, 5 (1st Cir. 1994) ("With respect to the sentencing guidelines, courts should strive to apply the guidelines as written, according words in common usage their ordinary meaning."); *United States v. Wong*, 3 F.3d 667 (3d Cir. 1993) (same).

It appears that the Court in *Matthew Ryan Miller* concluded that if plain-language analysis *were* applied to the phrase "administration of justice" in U.S.S.G. §§2J1.2(b)(1)(B) and (b)(2), the Court would be left with ambiguity. *Matthew Ryan Miller*, 21-cr-75-RDM, Tr. May 23, 2022, pp. 16-17. In that case, the rule of lenity would apply. *Bustillos-Pena*, 612 F.3d at 868; *see also United States v. Taylor*, 937 F.2d 676, 681-82 (D.C. Cir. 1991) (applying rule of lenity to Guidelines, under a plain ambiguity, not "grievous" ambiguity standard).

Dated: Sept. 21, 2022                    Respectfully submitted,

*/s/ Nicholas D. Smith*
Nicholas D. Smith (Va. Bar No. 79745)
1123 Broadway
Suite 909
New York, NY 10010
Phone: (917) 902-3869

## Certificate of Service

I hereby certify that on the 21st day of September, 2022, I filed the foregoing filing with the Clerk of Court using the CM/ECF system, and counsel of record were served by electronic means.

*/s/ Nicholas D. Smith*
Nicholas D. Smith (Va. Bar No. 79745)
1123 Broadway
Suite 909
New York, NY 10010
Phone: (917) 902-3869

3